■ MILTON LEIGHT et al., Suing for Themselves as Preferred Stockholders and for All Other Preferred Stockholders of 551 Fifth Avenue, Inc., Similarly Situated, Appellants, v. 551 FIFTH AVENUE, INC., et al., Respondents.— Order, entered on March 28, 1962, granting defendants' motion to dismiss the complaint for insufficiency, and the judgment entered thereon on April 3, 1962, unanimously reversed on the law, with costs to appellants, and the motion to dismiss denied, with $10 costs. Plaintiffs, as preferred stockholders of defendant 551 Fifth Avenue, Inc. — the owner of the Fred F. French Building at 45th Street and Fifth Avenue, Manhattan — seek a decree, on their own behalf and other preferred stockholders similarly situated, requiring the directors of the corporation to file a petition for its dissolution. The complaint also asked for alternative equitable relief. It has been held that minority stockholders, under certain conditions, may maintain an action to require directors of a corporation to move for its dissolution (Kroger v. Jaburg, 231 App. Div. 641), particularly where there is a charge that the corporation is being exploited for the private benefit of its managing and controlling stockholders. (Gaines v. Adler, 15 A D 2d 743.) There are sufficient allegations in the instant complaint charging that failure to dissolve the corporation springs from a selfish exploitation of the management of their desire not to lose management fees, to continue to use choice office space in the building at rentals below market price, to collect excessive operating and administrative expenses, and to depress the price of shares of the corporation for the purpose of buying such shares at the diminished price. We find no significant features of the instant complaint which distinguish it from the complaint, seeking similar relief, upon a prior action involving the same corporations, which this court sustained in Lennan v. Blakeley (273 App. Div. 767, motion for leave to appeal denied 273 App. Div. 846). The gravamen of both complaints is the allegation that the managing and controlling stockholders are exploiting the corporation for their private benefit; and sufficient facts are alleged in the instant complaint, which if proven would establish that charge. Hence the complaint should not have been dismissed. Concur — Valente, J. P., McNally, Stevens, Steuer and Bastow, JJ.

■ SYLVIA GROSSMAN, Respondent, v. JANETTE H. CORPORATION, Defendant, and CAROLINE JANESKI, Appellant.— Order entered on August 22, 1962, granting plaintiff's motion to strike out defense of the Statute of Limitations and denying defendant-appellant's cross motion for summary judgment reversed, on the law, with $20 costs and disbursements to the appellant, and the cross motion granted, with $10 costs. The complaint for personal injuries alleges an insufficiently illuminated and defective stairway on which plaintiff fell and was injured. The action was commenced four and a half years after the cause arose. Although the term "nuisance" is used in describing the dangerous conditions, the action is one in negligence. (Bowers v. Village of South Glens Falls, 260 App. Div. 439, 440, affd. 286 N. Y. 616; Gautieri v. New Rochelle Hosp. Assn., 4 A D 2d 874, affd. 5 N Y 2d 952). The three-year Statute of Limitations is therefore applicable (Katz v. Manhattan General, 2 A D 2d 876, affd. 3 N Y 2d 840). Since the common-law duty existed to maintain the stairway for tenants free from negligence, the additional statutory duty does not affect the basic nature of the liability or enlarge the limitations of time. (Lorberblatt v. Gerst, 10 N Y 2d 244; Brady v. Rudin Management Co., 11 N Y 2d 681.) Concur — McNally, J. P., Stevens, Eager, Steuer and Bergan, JJ.