■ FLORENCE BLUM, Appellant, v. IRVING W. BLUM, Respondent.— In an action by a wife for a judicial separation, in which a judgment had been entered in her favor awarding to her $150 a week permanent alimony (on which the husband paid the income taxes), the wife appeals from so much of an order of the Supreme Court, Kings County, entered January 15, 1963 after a nonjury trial before a Special Referee, granting the wife's motion to increase the amount of such alimony, as: (1) limited such increase to $50 and fixed the alimony at $200 per week, effective November 8, 1962; and (2) limited to $1,500 the award to her of counsel fees.  Order affirmed, without costs.  On the record before us it does not appear with sufficient certainty that the husband's income or the value of his assets warrants a greater increase in the alimony at the present time.  [For prior appeal, see 11 A D 2d 1064.] Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ EVERETT CROSBY et al., Respondents, v. JOHN REILLY, Appellant, et al., Defendants.— In an action based on libel and slander, the defendant Reilly appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated October 16, 1962, as: (a) in granting his motion to dismiss the first to the sixth causes of action and the thirteenth to the seventeenth causes of action, inclusive, also granted leave to plaintiffs to replead the first, second, third, fifth, sixth and sixteenth causes of action as against him; (b) denied his motion to dismiss the eighteenth and nineteenth causes of action as insufficient; and (c) denied his motion to dismiss the twentieth and twenty-first causes of action as insufficient except insofar as the twentieth and twenty-first causes incorporated other causes of action which had been dismissed.  Order modified: (a) by striking out its second ordering paragraph; and (b) by substituting therefor a paragraph dismissing the twentieth and twenty-first causes of action as against defendant Reilly.  As so modified, order, insofar as appealed from, affirmed, without costs.  The twentieth cause of action is based on an alleged conspiracy to defeat plaintiff Mundt in his bid for re-election of the Supervisor of the Town of Clarkstown and to injure his reputation and standing, in furtherance of which the defendants " composed, published and/or broadcast " the allegedly false and defamatory statements which were the grounds for the other causes of action pleaded.  The twenty-first cause of action was based on an alleged conspiracy to procure the defeat of the Democratic incumbent candidate Mundt for the Supervisor of the town, in furtherance of which the defendants conspired for the purpose of " making, composing, publishing and/or broadcasting false and defamatory statements concerning the plaintiff" Crosby in order to undermine the confidence and integrity of the people in the honesty and integrity of the plaintiff Crosby, the chairman of the Democratic party of the town, and the defendants " composed, published and/or broadcast" the false and defamatory publications which were the grounds for the other causes of action pleaded.  A cause of action based on an alleged prima facie tort is insufficient when the basic allegations therein are the grounds for causes of action in "traditional tort" such as libel or slander, and particularly so when the plaintiff has pleaded and is seeking to replead causes of action based solely on traditional torts (*Alpert v. Gordon*, 15 A D 2d 673; *Kaplan v. K. Ginsburg, Inc.*, 8 A D 2d 726; *Ruza v. Ruza*, 286 App. Div. 767; cf. *Wesson v. Dullzell*, 8 A D 2d 597).  Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.