■ VIRGINIA DANKO, Respondent, v. F. W. WOOLWORTH Co. et al., Appellants.— Order, entered October 16, 1967, unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants, and motion to dismiss third amended complaint granted, with taxable costs. The first and second causes of action, pleaded as causes of action to recover general damages for slander per se, are insufficient as such. The charge that plaintiff "aided and abetted a criminal" is not slanderous per se. (See 2 Seelman, Law of Libel and Slander [rev. ed.], par. 27, pp. 923, 924; *Jordan* v. *Lewis,* 20 A D 2d 773, 774; *Riley* v. *Baddour,* 73 N. Y. S. 2d 140.) Although, as this court pointed out in connection with its dismissal of a prior complaint by the plaintiff, the words would be "actionable per se if uttered in such a factual context that listeners would reasonably infer connotations of moral turpitude" (*Danko* v. *Woolworth Co.,* 26 A D 2d 807), the plaintiff has failed to allege facts justifying any such inference. Where extrinsic facts are relied upon to give slanderous import to words which do not in and of themselves impute moral turpitude, such facts should be pleaded. Plaintiff "should plead * * * the special facts necessary to support its contention, and also plead special knowledge possessed by those to whom the words were published which support that meaning". (*Cole Fischer Rogow, Inc.* v. *Carl Ally, Inc.,* 29 A D 2d 423.) It is not sufficient merely to generally allege, as here, that the words were understood by the persons who heard the same as charging plaintiff with criminal acts involving moral turpitude. Innuendo "can only explain or apply [the words] in the light of the other averments in the declaration." (Restatement, Torts, § 563, comment *f,* p. 150.) Conclusory innuendo, not supported by a proper factual showing, does not render this complaint sufficient as establishing causes of action for general damages. The third and fourth causes of action claimed by plaintiff to set forth causes of action on theory of prima facie tort, are also

insufficient. The alleged words and acts leading to the discharge of plaintiff as an employee of defendant Woolworth do not appear to have been solely motivated by malice and ill will toward plaintiff. The pleading allegations fail to show, as required by established law, that the defendants' actions, not per se unlawful, were committed without excuse or justification and with the sole and malicious intent to injure plaintiff. (See *Squire Records* v. *Vanguard Recording Soc.*, 25 A D 2d 190, 191, 192, affd. 19 N Y 2d 797; *Metromedia, Inc.* v. *Mandel*, 21 A D 2d 219, 222, affd. 15 N Y 2d 616; *Ruza* v. *Ruza*, 286 App. Div. 767, 769.) Furthermore, the pleading of these causes is deficient for failure to properly allege special damages. (See *Morrison* v. *National Broadcasting Co.*, 19 N Y 2d 453; *Brandt* v. *Winchell*, 286 App. Div. 249, affd. 3 N Y 2d 628; *Carnival Co.* v. *Metro-Goldwyn-Mayer*, 23 A D 2d 75, 77.) Concur — Botein, P. J., Stevens, Eager, Capozzoli and McNally, JJ.