DANIEL P. SKOURAS, Respondent, v. BRUT PRODUCTIONS, INC., et al., Appellants.

First Department, November 7, 1974.

*Robert M. Kahn* of counsel (*Stanley Frederick,* attorney), for Brut Productions, Inc. and another, appellants.

*Howard Krantz* (*William H. Frappollo* with him on the brief), attorney for respondent.

LUPIANO, J. In this case, the complaint, predicated on a written employment agreement between defendant Brut Productions, Inc. and plaintiff, contains six causes of action. As a consequence of Brut's termination of plaintiff's employment, plaintiff in the first five causes of action, which are asserted solely against Brut, seeks: (1) back pay for his last month of employment, (2) severance pay of over $50,000 in accordance with the agreement, (3) reimbursement for out-of-pocket expenses incurred in the course of employment, (4) reimbursement for additional items billed after termination and (5) reimbursement for moving expenses and rent incurred. The sixth cause of action is asserted against Brut; its parent, defendant Faberge, Incorporated; defendant Barrie, an officer of both corporations, and defendant Racklin, an officer of Brut. Essentially, this cause of action alleges that as an incident of employment, plaintiff was required to undertake financial obligations on behalf of his employer, Brut, for which the latter was obligated to and did reimburse plaintiff. It further alleges that, subsequent to November 22, 1972, Brut withheld such reimbursement pursuant to instruction by the other defendants with the deliberate intent of damaging plaintiff's credit rating, which intent has been effectuated. For this claimed injury, plaintiff seeks $200,000 in damages.

The critical issue on this appeal is whether the sixth cause of action, as pleaded, delineates acts of the defendants which go beyond liability for breach of contract and give rise to tort liability as well. As a general rule, a breach of contract does not give rise to a tort action.

"To justify a tort action, there must be a breach of duty separate and distinct from a breach of contract. The breach of contract may be so intended and planned, so purposefully fitted to time and circumstances and conditions, as to cease to be a mere breach of contract and become, in its association with the intended circumstances, a tortious and wrongful act or omission. Although even an intentional breach of contract does not ordinarily create a tort liability, the intentional infliction of injury without just cause may be prima facie tortious, and there may be a breach of duty giving rise to tort liability, which is distinct from the breach of contract, even though the origin of that duty was a contractual undertaking" (59 N. Y.

Jur., Torts, § 17). Regarding the claim asserted in the sixth cause of action as one for prima facie tort, it does not state a viable cause in the absence of an allegation of special damages. A necessary element in pleading prima facie tort is a particularized statement of the reasonably identifiable and measurable losses suffered. No such statement is alleged.

Under the rationale delineated in *Albemarle Theatre* v. *Bayberry Realty Corp.*, 27 A D 2d 172 [1st Dept., 1967]), a breach of contract incident to a plan or scheme evincing additional wrongs, constitutes the gravamen of a valid tort claim. Of course, in *Albemarle* it is clear that the viable cause of action in tort against the contracting parties alleged a self-aggrandizing motivation on the part of the defendants therein. Prima facie tort sounds in the infliction of intentional harms, without excuse or justification, and the advancement of a defendant's interest is not requisite, the intent being solely to harm the other. In the case at bar, it is patent that the sixth cause of action, as pleaded, asserts the same claim for breach of conract as is pleaded in the third and fourth causes of action. No additional wrong within the ambit of *Albemarle* is properly delineated and, thus, it must be concluded that a claim in tort is not sufficiently pleaded.

The order, Supreme Court, New York County (BAER, J.), entered April 15, 1974, denying defendants' motion to dismiss the sixth cause of action against defendant Brut Productions, Inc. and the complaint against defendant Faberge, Incorporated, as insufficient pursuant to CPLR 3211 (subd. [a], par. 7), should be reversed, on the law, with costs and disbursements, and the motion granted with leave to plaintiff to apply at Special Term for leave to serve an amended complaint within 10 days from the service of a copy of the order to be entered hereon with notice of entry.

The appeal from the order, Supreme Court, New York County (BAER, J.), entered June 25, 1974, denying defendants' motion for reargument, should be dismissed as said order is not appealable.

NUNEZ, J. P., CAPOZZOLI, LANE and YESAWICH, JJ., concur.

Order, Supreme Court, New York County, entered on April 15, 1974, unanimously reversed, on the law, and the motion granted, with leave to plaintiff to apply at Specal Term for leave to serve an amended complaint within 10 days from service upon him by defendants-appellants of a copy of the order entered

herein, with notice of entry. Appellants shall recover of respondent $60 costs and disbursements of this appeal.

Appeal from order, Supreme Court, New York County, entered on June 25, 1974, unanimously dismissed as said order is not appealable, without costs and without disbursements.