■ RICHARD A. SUSSKIND, Respondent-Appellant, v IPCO HOSPITAL SUPPLY CORPORATION et al., Appellants-Respondents.—In an action *inter alia* to recover damages for interference with precontractual negotiations, the parties cross-appeal from two orders of the Supreme Court, Westchester County, as follows: (1) defendants from so much of an order entered November 6, 1974 as denied that portion of their motion which sought dismissal of the first cause of action; (2) plaintiff from so much of the same order as granted defendants' motion to the extent of dismissing the second and third causes of action; and (3) defendants from an order entered February 21, 1975 which denied their subsequent motion for summary judgment. Order entered November 6, 1974 modified by striking from the first decretal paragraph thereof the word "denied" and substituting therefor the word "granted". As so modified, order affirmed, without costs. The time within which plaintiff may serve an amended complaint is extended to 10 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. Appeal from the order entered February 21, 1975 dismissed, without costs. The said order is academic in view of the modification of the order of November 6, 1974. Plaintiff seeks to recover damages alleged to have been sustained by reason of the interference by defendant Sterling Optical Co., Inc. (Sterling) with his contract negotiations with defendant Ipco Hospital Supply Corporation concerning a proposed lease. The allegations contained in the first cause of action of the complaint are insufficient to make out a cause of action for illegal interference with precontractual negotiations. The essence of this tort is interference by a third party which is fraudulent, deceitful or illegal (see *Union Car Adv. Co. v Collier,* 263 NY 386). Accordingly, the unlawful means which the party has employed must be alleged. Conclusory allegations, such as those under review, that a defendant "wrongfully, knowingly, intentionally, maliciously" interfered with the consummation of a contract are clearly insufficient. Moreover, the complaint is devoid of specific allegations that the negotiations would have culminated in a contract but for the interference of Sterling. This omission is fatal (see *Williams & Co. v Tuttle & Co.,* 6 AD2d 302, 306; *Vendall, Inc. v Statler Mfg. Corp.,* 5 AD2d 882, 883). Because of plaintiff's failure to allege special damages, the first cause of action may not be sustained under the theory of a prima facie tort (see *Advance Music Corp. v American Tobacco Co.,* 296 NY 79; *Danko v Woolworth Co.,* 29 AD2d 855). Additionally, a cause of action based upon an alleged prima facie tort is insufficient when the basic allegations therein are the grounds for causes of action in "traditional tort", such as wrongful interference with contract (see *Crosby v Reilly,* 20 AD2d 561). Martuscello, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.