■ JOHN C. SUPERMARKET, INC., et al., Respondents, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION et al., Appellants.—Order, Supreme Court, New York County, entered March 14, 1977, denying defendants' motion to dismiss for failure to state a cause of action and because another action is pending between the same parties for the same cause of action is unanimously reversed, on the law, with $60 costs and disbursements of this appeal to appellants, and the motion to dismiss is granted. Plaintiffs seek punitive damages as well as compensatory damages as a result of defendants' failure to compensate plaintiffs for damages to their premises caused by fire. Defendants are insurers of plaintiffs' premises. A prior action was begun by the corporate plaintiff to recover for damages to plaintiffs' premises caused by two fires. Special Term, in denying the motion to dismiss, held that the allegation of malicious and unjustified infliction of damages was sufficient to support a cause of action sounding in prima facie tort. True, malice is an essential ingredient of prima facie tort, however, plaintiffs' complaint does not allege any facts to support a claim of malice or ill will. Absent such a showing, the cause of action cannot lie *(Danko v Woolworth Co.,* 29 AD2d 855); there must be a malicious intent to injure plaintiffs. *Danko (supra,* p 856) addressing itself to the question of damages goes on to say that "Furthermore, the pleading of these causes is deficient for failure to properly allege special damages." In an action for prima facie tort, not only must special damages be pleaded, but the pleadings must also contain a "particularized statement of the reasonably identifiable and measurable losses suffered" *(Skouras v Brut Prods.,* 45 AD2d 646, 648). Mere allegations of a breach of a contract of insurance by the insurer committed willfully and without justification does not authorize a recovery of punitive damages *(Diamond v Mutual Life Ins. Co. of N. Y.,* 77 Misc 2d 528). The Court of Appeals upheld a cause of action for punitive damages in a fraud and deceit action, where the fraud was on the general public involving a high degree of moral turpitude and such wanton dishonesty as to imply a criminal indifference to civil obligations *(Walker v Sheldon,* 10 NY2d 401).

In *M. S. R. Assoc. v Consolidated Mut. Ins. Co.* (58 AD2d 858), the court said: "The Court of Appeals, in *Garrity v Lyle Stuart, Inc.* (40 NY2d 354, 358), recently restated the general principle that 'It has always been held that punitive damages are not available for mere breach of contract, for in such case only a private wrong, and not a public right, is involved'. Even in cases of fraud, punitive damages may be recovered only 'where the fraud, aimed at the public generally, is gross and involves high moral culpability' *(Walker v Sheldon,* 10 NY2d 401, 405)." Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.