■ MARINO INDUSTRIES CORP., Respondent, v KAHN LUMBER CO., INC., Appellant.—In an action for goods sold and delivered and on an account stated, in which defendant counterclaims to recover damages for interference with a contract, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, entered June 27, 1977, as (1) granted the branch of plaintiff's motion which sought summary judgment as to the main action and the counterclaim and (2) directed an assessment of damages. Order modified by deleting so much thereof as awarded plaintiff summary judgment on the counterclaim and struck the counterclaim and substituting therefor a provision dismissing the counterclaim for failure to state a cause of action. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. Defendant is granted leave to serve an amended counterclaim; its time to serve such pleading is extended until 30 days after service upon it of a copy of the order to be entered hereon, together with notice thereof. Execution of judgment upon any amount which may be awarded in the main action as the result of the assessment of damages is stayed pending ultimate disposition of the counterclaim. In this action for goods sold and delivered, defendant counterclaimed for tortious interference with a contract, which we interpret to be a claim for tortious interference with precontractual negotiations. Plaintiff's reply to the counterclaim was that it failed to state facts sufficient to constitute a cause of action. Plaintiff then moved, *inter alia,* for summary judgment on its complaint and to dismiss the counterclaim. Those branches of plaintiff's motion were granted by Special Term. Special Term correctly determined that the defenses raised by defendant to the main action were without merit and that plaintiff was entitled to be paid for the goods it had sold and delivered. However while plaintiff may enter judgment on the complaint, after damages are assessed, execution thereon has been stayed pending disposition of the counterclaim. With respect to defendant's counterclaim, we believe that, when read *in pari materia,* the affidavit of defendant's president in opposition to plaintiff's motion for summary judgment and the counterclaim set forth a viable cause of action for tortious interference with precontractual negotiations (cf. *United States Trust Co. v Hardwood Operating Corp.,* 271 App Div 233). "Modern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one'" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). When read in tandem, the affidavit and the counterclaim allege, in effect, that defendant gave certain information to the plaintiff about its bid in connection with the construction of the Russian World Trade Center in reliance upon the latter's knowing misrepresentation that a particular third party was no longer bidding for a contract on that facility. According to defendant, such competitive information was disclosed by plaintiff to the third party, thus enabling the latter to obtain the contract defendant had first been offered and would otherwise have secured. Such allegations spell out tortious conduct (cf. *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915). We recognize that defendant faces a heavy burden if it is to be successful. However, plaintiff's

contentions addressed to the counterclaim do not conclusively demonstrate, as a matter of law, that defendant's claim is without merit. They do raise disputed issues of fact—which is precisely the reason why summary judgment must be denied as to the counterclaim. At least one triable issue raised in the papers submitted herein is whether bidding for the trade center vis-à-vis the defendant was confidential or, as plaintiff avers to the contrary, it learned nothing from defendant that was not in the public domain. Defendant insists that certain competitive details were not public, such as "price, terms of payments, specifications, type and amount of materials, delivery", etc. These "details", contained in defendant's affidavit and not in the pleading itself, supply one of the material elements that plaintiff correctly stated was omitted from the counterclaim, to wit, exactly what information plaintiff allegedly obtained from defendant. Good practice requires that the counterclaim be drawn so that it contains all of the material elements of the cause of action for tortious interference with precontractual negotiations. At present, some of those elements are to be found only in extrinsic papers. Therefore, we have dismissed the counterclaim for failure to state a cause of action, with leave to serve an amended pleading (see *Raimondi v Fedeli,* 30 AD2d 802). Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.