OPINION OF THE COURT
Gerard M. Weisberg, J.
The State has moved to dismiss this claim for untimeliness. Claimant opposes the motion, but seeks permission to file a late claim in the event that the State’s motion is granted.
The claim recites that on or about July 10, 1973, claimant’s wife, Carole R Edwards, now deceased, became an employee of the State University of New York at Stony Brook (Stony Brook). On or about that same date, Mrs. Edwards executed an application to become a member of the New York State Employees’ Retirement System (System), designating claimant John Edwards as beneficiary. The application was completed under the direction of the Personnel Department at Stony Brook which accepted the application for filing with the Comptroller of the State of New York. The application was never forwarded to the Comptroller, and was mistakenly placed in Mrs. Edwards’ personnel file. Subsequently, on December 15, 1974, she died. Application was then made by claimant for benefits under the System, which claim was rejected by the Comptroller on the grounds that Mrs. Edwards had never become a member. An administrative appeal was taken pursuant to which a hearing was held in December, 1975. On March 26, 1976, claimant received a copy of the final *518 decision of the hearing examiner which upheld the Comptroller’s determination.
On June 25, 1976, a notice of intention to file a claim against the State was filed with the Court of Claims in Albany, followed by filing of the claim on December 14, 1976. The claim alleges a single cause of action based upon Stony Brook’s failure to file Mrs. Edwards’ application.
The State has moved to dismiss on the authority of subdivision 3 of section 10 of the Court of Claims Act, which provides in substance that a claim or notice of intention to file a claim to recover damages for injury to property or for personal injury caused by the tort of a State officer or employee, must be filed within 90 days after the claim accrues. The State maintains that claimant’s cause of action sounds in tort, and that the cause of action accrued when the wrong was committed on or about July 10, 1973, or at the latest when Carole Edwards died on December 15, 1974. Claimant argues that the cause of action accrued on March 26, 1976 when the decision of the hearing officer on claimant’s administrative appeal was received.
If the gravamen of this claim is indeed tort, the claim is untimely. The latest accrual date urged by either of the parties is March 26, 1976. The notice of intention was filed 91 days thereafter on June 25, 1976. (Green v State of New York, 28 AD2d 747; Hard v State of New York, 30 AD2d 631.)
The threshold question is whether this is a claim ex delicto or ex contractu. Claimant’s attorney argues that "the claim sounds both in negligence and implied contract, since the failure to forward the claim was not only negligent, but a breach of SUNY’s undertaking to do so as her new employer.” Subdivision 4 of section 10 of the Court of Claims Act provides that a claim for breach of contract, express or implied, must be filed within six months after accrual of the claim, unless the claimant files within such time, a written notice of intention, in which event the claim must be filed within two years after accrual.
For purposes of determining the applicable Statute of Limitations, it is the gravamen of the claim which governs, not the form in which it is pleaded. (Western Elec. Co. v Brenner, 41 NY2d 291; State of New York v Cortelle Corp., 38 NY2d 83.) Where the same transaction gives rise to two causes of action having different Statutes of Limitations, one may be timely although the other is barred. (Conklin v Dra *519 per, 229 App Div 227, affd 254 NY 620.) In cases involving personal injury or injury to property, the tort Statute of Limitations is frequently applied even though plaintiff can plead and prove a cause of action in contract. (Klein v ParkeBernet Galleries, 21 AD2d 772; Grossman v Janette H. Corp., 18 AD2d 982, affd 14 NY2d 852.) However, as Justice Cardamons stated in D’Amico v Winkelman Co. (51 Misc 2d 205, 208): "If the contractual obligations here add nothing to defendant’s ordinary common-law duty of due care, then the three-year statute will govern; if a greater duty is imposed as a result of the contract, then, the six-year statute will be applied, even though the breach of that duty may rest upon a tortious act. (Blessington v. McCrory Stores Corp., 305 N. Y. 140, 147-148 [1953].)”
Whether a given set of facts gives rise to a breach of a contractual as opposed to a tort duty, is a matter of substantive law. The distinction is frequently a difficult one to make. (See Busch v Interborough R. T., 187 NY 388, 391.) This claim states: "By reason of the negligence of the State University of New York at Stony Brook in failing to file the aforementioned application of Carole R. Edwards with the Comptroller of the State of New York, as it had undertaken to do as her employer, claimant has been deprived of benefits which he would have been entitled from the New York State Employees Retirement [sic] System, in the sum of Six Thousand Six Hundred Thirty-eight ($6,638.00) Dollars.” We believe that the foregoing allegation permits of analysis under both contract and tort theories. The characterization of Stony Brook’s failure to file the decedent’s application as negligence is quite natural. This does not indicate conclusively however that the gravamen of this claim is tort. In Ryan Ready Mixed Concrete Corp. v Coons, (25 AD2d 530) the defendant, an insurance broker, undertook to obtain certain insurance for the plaintiff and failed to do so. The court said (p 530): "We believe that the allegations in each cause of action are sufficient to classify the action as sounding in contract in spite of the frequent references to negligence of defendants. (Robins v. Finestone, 308 N. Y. 543, 547.)”
The Ryan case is closely analogous to the case at bar, since it is alleged that Stony Brook undertook, as Mrs. Edwards’ employer, to process her application. We have little difficulty in finding a sufficient allegation of an implied promise supported by a valuable consideration, to wit: Mrs. Ed *520 wards’ services. (Cf. Thorne v Deas, 4 Johns 84.) The duty allegedly breached here was not merely to exercise due care, but to perform a specific act, the nonperformance of which constituted a breach of contract.
We find additionally however that the allegations of the claim fairly support a tort theory of liability. Having accepted Mrs. Edwards’ application, and thereby begun performance of an act, the defendant was duty-bound to exercise reasonable care. In view of Mrs. Edwards’ designation of claimant as her beneficiary, it was foreseeable that he might suffer injury if Stony Brook acted negligently. The duty to exercise reasonable care therefore extended to him as well. Further, as Dean Prosser has stated: "there are situations in which the making of [a] contract creates a relation between the defendant and the promisee, which is sufficient to impose a tort duty of reasonable care * * * the making of a contract with A may create a relation between the defendant and B, which will create a similar duty toward B, and may result in liability for failure to act.” (Prosser, Law of Torts [4th ed], p 623.)* Thus, the existence of a contractual duty owed to Mrs. Edwards may have given rise to a tort duty owed to claimant, her intended beneficiary.
The interrelationship of the tort and contract theories in this case is extremely close — so close in fact, that to hold that the gravamen of the claim was one or the other would be essentially arbitrary. Consequently, although pleaded as one cause of action, we construe the claim to contain two separate causes of action, and will proceed as if they had been separately stated.
 From this perspective, it can be seen that the contract claim was timely filed. The general rule is that a cause of action in contract accrues when the contract is breached, or when the promisor omits performance of an obligation. (Edlux Constr. Corp. v State of New York, 252 App Div 373, affd 277 NY 635.) Where State contracts are concerned however, "[t]he expression 'claim accrued’ is not identical with the expression 'cause of action accrued’.” (Dufel v State of New York, 198 App Div 97, 102.) The claim accrues when damages are *521 ascertainable (Taylor v State of New York, 302 NY 177; Terrace Hotel Co. v State of New York, 19 AD2d 434), or when claimant possesses the legal right to enforce its claim in court. (City of New York v State of New York, 40 NY2d 659.) When such a legal right is dependent upon a decision by a State official such as the Comptroller, the claim accrues when notice of that determination is received. As Judge Fuchsberg stated in City of New York v State of New York (supra, p 668): "where, by contract or by statute, the State’s obligation to pay is conditioned upon an audit, no suit can be brought by a claimant until the official charged with making the audit has done so and has formally rejected all or some part of the claim.”
Although a formal audit was not involved here, claimant’s entitlement to retirement benefits was conditioned upon the approval of the Comptroller, who is charged with responsibility for the System. The Comptroller’s final determination was received by claimant on March 26, 1976. (See Matter of Castaways Motel v Schuyler, 24 NY2d 120, adhered to on rearg 25 NY2d 692.) The claim therefore accrued on March 26, 1976, and claimant had six months from that date to file a notice of intention. Having done so by June 25, 1976, the contract claim was timely filed.
As previously indicated however the tort claim is untimely, since claimant failed to file within 90 days of accrual. We deem that the tort cause of action accrued on the date of Mrs. Edwards’ death, since the failure to process the claim was a continuing wrong until that date. In a similar case (Lewis v Lewis, 59 Misc 2d 525) a separation agreement provided that plaintiff’s husband was to maintain a policy of group life insurance with his employer for her benefit. He left his employ, thereby canceling the insurance and subsequently died. The court held that plaintiff’s cause of action accrued on the date of her husband’s death, not when the insurance policy was canceled. We consider the court’s reasoning in Lewis to be persuasive, and find the principles expressed therein to be applicable to a tort claim.
In view of our decision on the untimeliness of the tort cause of action, claimant’s application for permission to file a late claim is appropriate. Upon such an application, the court must be guided by the criteria set forth in subdivision 6 of section 10 of the Court of Claims Act which provides in relevant part as follows: "[i]n determining whether to permit *522 the filing of a claim pursuant to this subdivision, the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy.”
Concerning the excusability factor, the time period to which claimant’s excuse must relate is the 90-day period after accrual. (Walach v State of New York, 91 Misc 2d 167.) By all indications, claimant was unaware of any tortious conduct by the State during this period. The Comptroller’s final determination denying benefits under the retirement system did not occur until after the 90-day period had elapsed. While ignorance of the facts giving rise to a tort does not in general toll a Statute of Limitations (Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212; cf. Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427), it may in a proper case excuse the failure to timely file a claim. The State’s negligence was the cause of claimant’s lack of knowledge, and we therefore hold that the failure to timely file was excusable.
It is also clear that the State received notice and had an opportunity to investigate this claim shortly after Mrs. Edwards’ death, since claimant filed for benefits under the retirement system at that time. While subdivision 6 of section 10 of the Court of Claims Act speaks of an opportunity to investigate, here an investigation was actually conducted since an evidentiary hearing on claimant’s application was held in December, 1975, wherein findings of fact were made, determining, inter alia, that Mrs. Edwards’ application had been misfiled. We deem this proceeding to be the equivalent of an investigation by the State, although recognizing that additional investigation may be necessary. (See Paul v State of New York, 59 AD2d 800.)
Further, there is no evidence that the State would suffer any prejudice were this application to be granted, nor has the Attorney-General alleged any prejudice. According to the undenied allegations in claimant’s moving papers; Mrs. Edwards’ application was found in her personnel file at Stony Brook. This is a crucial fact in the case, and it is known to both sides. There is no indication that any circumstance has *523 changed since this cause of action accrued which would tend to deny the State the opportunity to adequately defend this lawsuit. Additionally, since the same facts which form the basis of the tort claim also give rise to a contract claim which we have ruled to be timely, we deem the State to have suffered no prejudice.
The question of whether the claim appears to be meritorious is a prime factor to be considered in a motion of this type. With respect thereto, we have previously stated the test as follows: "In order for a claim to 'appear to be meritorious’: (1) it must not be patently groundless, frivolous, or legally defective, and (2) the court must find, upon a consideration of the entire record, including the proposed claim and any affidavits or exhibits, that there is reasonable cause to believe that a valid cause of action exists.” (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11.)
The facts of this case give rise to a possible inference of negligence by the State in failing to process Mrs. Edwards’ application after accepting it from her, and we believe that the State had a duty to exercise reasonable care whether arising out of a common-law duty, or by virtue of its contract of employment with the decedent.
Further, we perceive no other remedies available to claimant. The State is the only possible defendant herein with the possible exception of the individual who misfiled the application. This individual would, in all likelihood, be entitled to indemnification by the State. Regarding this situation, Judge Lengyel stated in Miller v State of New York, (Court of Claims, Dec. 14, 1977, at p 7): "Although claimant may also be able to assert separate causes of action against various State employees in their individual capacities (DeVivo v Grosjean, 48 AD2d 158), such actions would likely be defended by the State and result in indemnification by the State if liability is found. (Public Officers Law, § 17.) It would appear that the interest of economy of judicial resources would be better served by permitting the present claim, and that the Court of Claims is the most appropriate forum.”
Having weighed the factors specifically enumerated in subdivision 6 of section 10 of the Court of Claims Act, and having found that with relation to the tort aspect of this claim, that the delay in filing was excusable, that the State had notice and an opportunity to investigate the claim, that the claim appears to be meritorious, that no substantial prejudice has *524 been suffered, and that no alternative remedies exist to an action in the Court of Claims, the court finds all of the specifically enumerated factors favorable to the application to permit a late filing.
CONCLUSION
In view of our treatment of this claim as containing two causes of action, one for contract and one for tort, and our decision that the contract claim is timely while the tort is untimely, the State’s motion to dismiss with regard to the tort claim only is granted. However, having found a sufficient basis for the exercise of this court’s discretion with regard to claimant’s application to permit a late filing with regard to the tort claim, claimant’s application is granted.

 Such a duty to a third person is exemplified by cases in which a telegraph company fails to transmit a message, thereby becoming liable to the addressee as well as to the sender. The telegraph company has a contract duty with the sender, but a tort duty with the addressee. (So Relle v Western Union Tel. Co., 55 Tex 308; Mentzer v Western Union Tel. Co., 93 Iowa 752.)