■ MARINO INDUSTRIES CORP., Appellant, v KAHN LUMBER & MILLWORK Co., INC., Respondent.—In an action for goods sold and delivered and on an account stated, in which defendant counterclaims to recover damages for interference with a contract, plaintiff appeals (1) from an order of the Supreme Court, Nassau County, dated June 13, 1978, which denied its motion to dismiss the counterclaim for failure to state a cause of action, (2) from an order of the same court, dated September 28, 1978, which (a) denied its motion to vacate a notice for examination before trial, (b) granted defendant's cross motion to vacate its demand for a bill of particulars and (c) denied its cross motion to dismiss the counterclaim on the ground that defendant lacked the capacity to maintain its counterclaim, and (3) from so much of an order of the same court, dated December 7, 1978, as, upon granting plaintiff's motion for reargument of the order dated September 28, 1978, in effect, adhered to its original determination. Appeal from order dated September 28, 1978 dismissed. This order was superseded by the order dated December 7, 1978 which granted reargument. Order dated June 13, 1978, reversed, and plaintiff's motion to dismiss the counterclaim is granted. Appeal from the order dated December 7, 1978, dismissed as academic in view of the disposition of the appeal from the order dated June 13, 1978. Plaintiff is awarded one bill of $50 costs and disbursements to cover all appeals. Plaintiff commenced this action to recover more than $20,000 for goods sold and delivered. Defendant counterclaimed alleging tortious interference with a contract it would otherwise have had with the Russian government for certain construction materials. Plaintiff was granted sum-

mary judgment on its claim and on the counterclaim. On appeal by defendant to this court the order then under review was affirmed only as to the granting of summary judgment in the main action. The counterclaim was dismissed for failure to state a cause of action, with leave to replead (*Marino Inds. Corp. v Kahn Lbr. Co.*, 61 AD2d 978). In our memorandum decision we stated that when defendant's counterclaim was read in tandem with the affidavit of defendant's president a cause of action for tortious interference with precontractual negotiations was made out. In the counterclaim defendant alleged that plaintiff "did wrongfully, knowingly, intentionally, maliciously and without reasonable justification or excuse induce, persuade and entice the * * * Russian government [through another company] to violate, repudiate and break [its proposed] agreement with the defendant". Allegedly this was accomplished by using confidential information defendant supplied to plaintiff in reliance on a false representation plaintiff made to defendant, to wit, that the other company had withdrawn from the competitive bidding. The affidavit of defendant's president referred to the confidential information that plaintiff used to carry out its tortious interference. In dismissing the counterclaim for failure to state a cause of action, defendant was allowed the opportunity to draw a pleading that incorporated "all of the material elements of the cause of action" (*Marino Inds. Corp. v Kahn Lbr. Co.*, 61 AD2d 978, 979, *supra*). Defendant served an amended counterclaim, which is the subject of this appeal. Defendant no longer makes allegations of tortious interference. Instead defendant alleges that plaintiff proposed a "joint venture", secured "secret" information about every aspect of defendant's bid, and used that information "in direct undisclosed competition with the defendant * * * contrary to the contemplated joint venture". Despite defendant's contention to the contrary, the amended counterclaim does not state a cause of action for illegal interference with precontractual negotiations. "The essence of this tort is interference by a third party which is fraudulent, deceitful or illegal (see *Union Car Adv. Co. v Collier*, 263 NY 386) [and] the unlawful means which the party has employed must be alleged" (*Susskind v Ipco Hosp. Supply Corp.*, 49 AD2d 915). We note as an aside that *Susskind* was cited in our prior decision in this matter. From the mere use of words, such as "joint venture" and "undisclosed competition", without other supporting allegations, we are unable, moreover, to discern any other cause of action in the amended counterclaim (cf. *Rovello v Orofino Realty Co.*, 40 NY2d 633; see, also, CPLR 3013). Accordingly, the counterclaim must be dismissed. That determination renders academic the issues raised by the appeal from the order dated December 7, 1978. Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.