OPINION OF THE COURT
Jerome F. Hanifin, J.
This is a motion by claimant for an order pursuant to CPLR 2221 granting "reargument” of an order of this court filed January 29, 1980 that granted the State’s motion to dismiss and denied claimant’s cross motion for summary judgment and, in the alternative, for an order pursuant to subdivision 6 of section 10 of the Court Claims Act allowing claimant to file a late claim.
The court will first restate the allegations which gave rise to these motions.
Claimant was employed at Letchworth Village Developmental Center (Letchworth) in 1975. Sometime prior to June 11, 1975, he was arrested on a drug charge. As a result of his arrest, claimant was told (apparently by a respresentative of the State) not to come on the grounds of Letchworth or else he would be arrested. This alleged forced absence from work continued from June 11, 1975 until January 14, 1976 when claimant was rehired. The criminal charge against claimant was dismissed on December 15, 1977.[1] A written demand by *757 claimant for payment for the period of absence was made on June 23, 1979 and in response a letter dated June 27, 1979 was sent to claimant from Letchworth informing him that his absence was on a leave without pay basis. To date, claimant has not received payment.
Claimant filed a claim on October 12, 1979 in which he sought "compensatory and punitive” damages for the defendant’s* [2] "intentional and wilful conduct” in refusing to pay his wages and benefits for the period from June 11, 1975 through July 14, 1976, the date his "level of pay” allegedly reached "the appropriate level”.[3] On defendant’s motion, the court dismissed the claim for lack of jurisdiction finding that it was not timely filed under section 10 of the Court of Claims Act.
On the present motion claimant and his attorney argue, as they did on the original motion, that claimant’s contract claim did not accrue until June 27, 1979, the date the defendant responded to claimant’s written demand for wages and that therefore the filing of the claim on October 12, 1979 was timely under subdivision 4 of section 10 of the Court of Claims Act. Claimant’s attorney again cites Long Is. Light. Co. v State of New York (89 Misc 2d 816) as support for the contention that claimant’s damages came into being and thus his claim accrued only upon the defendant’s rejection of his written demand for payment.
In Long Is. Light., the claimant and the State disagreed as to which should bear the expense of removing certain light fixtures from a parkway. They entered into an agreement on July 1, 1975 which detailed the position of each and which recited that the proper recourse to resolve their dispute was the Court of Claims. The purpose of the agreement was to get the work done without prejudicing Long Island Lighting’s claim for payment. The work was completed on August 26, 1975. A misdirected demand for payment on May 24, 1976 eventually reached the proper State representative and the demand was rejected on June 25, 1976, on the basis of the July 1, 1975 agreement. A notice of intention was filed within *758 six months of the State’s rejection of the demand for payment and a claim was filed shortly thereafter. On these facts, the court concluded (supra, p 819) that the claim was timely, stating that "In waiting for the State to reject the calculated costs, claimant was in effect giving the State an opportunity to reconsider the legitimacy of the claim.” In other words, the court concluded that the claim accrued, within the meaning of subdivision 4 of section 10 of the Court of Claims Act, on the date of the State’s rejection of the demand for payment.
To the extent that Long Is. Light, supports claimant’s position, this court declines to follow it. To do otherwise would undermine the very purpose of the filing requirement. If a potential claimant, whose damages are acertainable, can defer the accrual date of his contract claim, or rather precipitate the accrual date, by the simple expedient of writing a demand letter, then the time-limiting provisions of subdivision 4 of section 10 of the Court of Claims Act become meaningless.
The discussion in Long Is. Light, of claimant’s loches and possible defendant prejudice in the context of the time-limiting provisions of subdivision 4 of section 10 is misplaced. Those are matters directed to the court’s discretion and are properly addressed in an application for late filing.
 The time limitation of subdivision 4 of section 10 is triggered when "damages are ascertainable” (Edwards v State of New York, 95 Misc 2d 516, 520-521). Stated in another way, the amount payable pursuant to a contract with the State becomes an item of damage and a claim accrues therefor, when the amount is calculable and there is no contractual or statutory provision for a later payment date. If there is provision for a later payment date, either express or reasonably implied, the claim accrues on that later date despite the fact that the amount was calculable earlier (cf. City of New York v State of New York, 40 NY2d 659). On this motion, claimant contends that "there was clearly no liability on the part of the Defendants” and "the cause of action could not have accrued” prior to December 15, 1977, the date the criminal charge against him was dismissed.[4] Claimant and his attorney are now of the opinion that had the criminal charge resulted in conviction there would be no basis for a claim. Assuming that such a condition precedent was part of the contractual arrangement herein, the filing was still untimely *759 whether the claim is viewed as one for tort or breach of contract (Court of Claims Act, § 10, subds 3, 4). Thus, an accrual of the claim on December 15, 1977 would not remove the jurisdictional defect for which the court granted the defendant’s motion to dismiss. The court finds, therefore, that it must deny claimant’s motion for reargument.
It should be noted that estoppel is not a factor here. Claimant makes no claim that he relied on representations or actions by the defendant during the six-month period following the dismissal of the criminal charge.[5] On the contrary, it appears that the defendant’s position was that claimant’s absence was on a "leave without pay basis”.
The fact that the defendant "requested further documentation” from claimant and that claimant forwarded a copy of the order dismissing the criminal charge to the defendant does not change the result. Claimant’s papers are silent as to what documentation of his claim was given to the defendant prior to sending the dismissal order (which order was further documentation) and it is unknown when the dismissal order was sent. In the court’s view, if the dismissal of the criminal charge was a condition precedent to payment, as claimant argues, his lost wages, previously calculable, became damages and his claim accrued on December 15, 1977. Even if claimant entertained a hope (after December 15, 1977) that the defendant might make payment to him, the accrual date of his claim would remain unchanged. Claimant had six months during which he could hope for payment (and, if he so wished, he could have extended that statutory six-month period to two years by filing a notice of intention pursuant to Court of Claims Act, § 10, subd 4). Hope for payment, no matter how well founded, does not change an accrual date. It may, however, be a relevant consideration in a late filing application under subdivision 6 of section 10 of the Court of Claims Act.
In passing, the court notes that claimant also avers that on the advice of his counsel in the criminal action he did not file a claim with the Court of Claims during the pendency of the criminal matter. The fact that a civil action was then contemplated indicates that claimant believed that the defendant’s failure to pay him for his absence was actionable prior to the *760 dismissal of the charges. Of course, claimant’s conclusions do not determine when his claim accrued but since he apparently knew the nature of the contractual obligation owed to him and since he has set forth few details with regard thereto in his papers, the court is left to infer that an actionable breach occurred and his claim accrued long before his written demand for payment was formally responded to by the defendant. The dilemma caused by the pending criminal matter may also be relevant in a motion for later filing properly addressed to the court’s discretion.
The court will now turn to a consideration of claimant’s motion for late filing. The court has jurisdiction to entertain claimant’s motion for late filing, insofar as he asserts a claim for breach of contract since the motion was made within the six-year limitation period applicable to such a claim under CPLR 213 (Court of Claims Act, § 10, subd 6).
Although in his proposed claim claimant characterizes the defendant’s conduct as intentional "tortious conduct”, his action does not appear to be grounded in any of the intentional torts to which a one-year statute of limitations is applicable under the CPLR (CPLR 215, subd 3). If the claim is viewed as one for prima facie tort, the three-year limitation period of CPLR 214 may well apply (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C214:5, pp 431-432) and thus the court would have jurisdiction to entertain claimant’s motion for late filing insofar as he asserts such a claim. However, the court declines to view the proposed claim as one for prima facie tort. As noted earlier, all papers submitted on claimant’s behalf on the original motion and herein assert a claim for breach of contract. Claimant makes no mention in his claim or papers of a cause of action for prima facie tort nor can the elements of such a cause of action be reasonably inferred from the claim’s general and conclusory allegations (cf. Lincoln First Bank of Rochester v Siegel, 60 AD2d 270; John C. Supermarket, Inc. v New York Prop. Ins. Underwriting Assn., 60 AD2d 807). Clearly the gravamen of the claim that claimant wishes to assert is breach of contract.
Subdivision 6 of section 10 of the Court of Claims Act requires, as a precondition to the exercise by a court of its discretionary authority to allow a late filing, that the claimant submit a proposed claim satisfying the requirements of section 11 of the Court of Claims Act. The proposed claim must state *761 the time when, and place where such claim arose, the nature of the claim, the items of damage claimed to have been sustained and the total sum of the claim (Court of Claims Act, § 11). Claimant has submitted a copy of his original filed claim, seeking damages for defendant’s alleged "tortious conduct” despite the fact that in the supporting papers claimant and his attorney make no reference at all to a tort claim but assert only a claim for breach of contract.
Although the precise wording of section 11 of the Court of Claims Act does not appear to require that a claim state a valid cause of action as such, without such a statement a claim is "legally deficient and subject to fatal attack.” (De Hart v State of New York, 92 Misc 2d 631, 634.) Here, the proposed claim sets forth none of the elements necessary to plead a breach of contract (cf. Stratton Group v Sprayregen, 458 F Supp 1216; Lupinski v Village of Ilion, 59 AD2d 1050). There are no allegations as to the nature of the contractual relationship of claimant and the defendant or the obligations thereunder. By virtue of his employment, claimant was apparently in some form of contractual relationship with the defendant. However, the court is left to speculate as to the contractual duties, express or implied, which were allegedly breached by defendant. It is conceivable that claimant can set forth a valid claim against the defendant State of New York, but a more precise delineation of the nature of the contractual relationship and any obligations thereunder is required.[6]
Therefore, upon the foregoing, it is ordered that claimant’s motion for an order granting reargument of an order of this court filed January 29, 1980, be and hereby is denied; and it is further ordered that claimant’s motion for an order pursuant to subdivision 6 of section 10 of the Court of Claims Act allowing claimant to file a late claim be and hereby is denied without prejudice.

. The December 15, 1977 dismissal date was furnished in the supporting papers filed on the present motion. Although both claimant and his attorney related, in their papers submitted on the original motion, that the charge against claimant was dismissed, neither set forth the date of the dismissal. The impression was given that *757 claimant’s rehiring followed rather than preceded the dismissal of the criminal charge.

. There is, of course, only one defendant in this claim, the State of New York.

. Although in his claim claimant refers to the refusal of defendants to pay him as intentional "tortious conduct” it is clear that claimant seeks to assert a contract claim. All of the papers submitted on behalf of claimant in the present motion speak of his claim as one for breach of contract.

. This contention was not advanced on the original motion.

. The fact that a nurse employed by Letchworth was also arrested and "her claim for wages was paid” is of no moment here. Claimant’s alleged contract, not the nurse’s, is at issue. The nurse’s experience, however, might well be a relevant consideration on a motion for late filing properly before the court.

. The court notes that in the first part of this order, considering matters in a light most favorable to claimant, it viewed the claim as one for breach of contract because that is how the claim was characterized in claimant’s supporting papers and because, if viewed as a tort claim, the October 12, 1979 filing (more than 90 days after the alleged rejection letter) was clearly untimely (Court of Claims Act, § 10, subd 3). However, when one seeks permission to late file, subdivision 6 of section 10 of the Court of Claims Act requires that "[t]he claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application.”