Jordan Intl. Trading v Yang (2004 NY Slip Op 50245(U))

[*1]

 Jordan Intl. Trading v Yang

2004 NY Slip Op 50245(U)

Decided on April 6, 2004

Supreme Court, Ulster County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 6, 2004

Supreme Court, Ulster County
 JORDAN INTERNATIONAL TRADING INC. And 
 BAYSIDE INTERNATIONAL INDUSTRIES, Plaintiffs,
against
JIM YANG, JIM FAGELSON, CLARK W. HAHNE, CANUSA HERSHMAN RECYCLING COMPANY and NEWPORT CH INTERNATIONAL LLC, Defendants.
INDEX NO. 03-2830

McNamee, Lochner, Titus & Williams, PC
Attorneys for Defendant Canusa Hershman Recycling Company
75 State Street
PO Box 459
Albany, NY 12201-0459
Glen P. Doherty, Esq. (of counsel)
Holland & Knight LLP
Attorneys for Plaintiffs
195 Broadway
New York, NY 10007
Susan H. Joffe, Esq. (of counsel)

Thomas J. Spargo, J. 
Defendant Canusa Hershman Recycling Company (Canusa) moves for an order dismissing the complaint pursuant to CPLR §§ 3211(a)(4) and (7) because there is another action pending between the parties in California (commenced twenty-two days prior to this action) and the complaint fails to state a cause of action. Alternatively, Canusa seeks a stay of the action pursuant to CPLR 2201.
On a motion to dismiss a complaint, the court must assume the allegations to be true and resolve all inferences reasonably flowing therefrom in favor of plaintiff (Goshen v Mutual Life Ins. Co. Of New York, 98 NY2d 314, 326). The court is required to liberally construe the complaint and accept as true both the facts alleged in the complaint and those submitted in affidavits opposing the dismissal motion (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152).
All of the factual allegations contained in affidavits offered in support of the dismissal motion which are inconsistent with the complaint and the affidavits offered to sustain a cause of [*2]action must be disregarded (Rovello v Orofino Realty Co., 40 NY2d 633,635,636). Where the pleading itself is defective, but a viable cause of action can be found in the extrinsic papers when read in conjunction with the pleading, the dismissal motion should be granted with leave given to serve an amended pleading (Marino Industries Corp. v Kahn Lumber Co., 61 AD2d 978,979).
Jordan Trading, Inc. (Jordan) is a New York corporation with its principal place of business in Kingston, Ulster County, New York. Bayside International Industries (Bayside) is a division of Jordan which operates in California.
Plaintiffs commenced this action on August 27, 2003 alleging that Yang, Fagelson and Hahne (each a California resident) breached their employment agreements with plaintiffs by forming a competing business, soliciting plaintiffs' employees and misappropriating trade secrets and confidential information. Plaintiffs further allege that defendants Canusa Hershman Recycling Facility (a competitor of plaintiffs) and Newport CH International LLC (a partnership of Yang, Fagelson and Hahne) were complicit in these unlawful acts.
The employment agreements included a non-competition clause and further provided that they would be "... governed and construed in accordance with the laws of the State of New York ... and the sole jurisdiction and venue for any claim, suit or proceeding brought in connection with this Agreement shall be New York state or federal court sitting in Ulster County, New York."
The agreement was effective April 1, 2001 for a two year term ending March 31, 2003. After the agreement ended, Yang, Fagelson and Hahne continued their employment with plaintiffs under the same employment terms while a new employment agreement was being negotiated.
During the negotiations, Yang, Fagelson and Hahne allegedly conspired with Canusa Hershman Recycling Facility (Canusa) to misappropriate plaintiffs' trade secrets, solicited plaintiffs' other employees to join them in their new venture, Newport CH International LLC (Newport CH), and leased for themselves certain office space which they had located and negotiated for as employees of plaintiffs.
Despite having signed these agreements and received the benefits of employment with plaintiffs under the agreement, Yang, Fagelson and Hahne then commenced an action in California on August 5, 2003 seeking a declaration that the employment agreements are unenforceable under California law.
It is well-settled that "...choice of law provisions generally are given effect by the courts of this State unless the jurisdiction whose law is to be applied has no reasonable relation to the agreement at issue or enforcement of the subject provision would violate a fundamental public policy of this State" (Eastern Artificial Insemination Co-op. Inc. v La Bare, 210 AD2d 609, 610).
A "contractual forum selection clause is prima facie valid" (3H Enterprises v Bennett, 276 AD2d 965, 966, lv denied 96 NY2d 710). There has been no showing that the contractually agreed upon "sole jurisdiction and venue" of Ulster County, New York would be unreasonable or inconvenient for the trial of the action.
Canusa argues that the choice of law and forum selection clauses provisions do not apply because Jordan lacks standing to assert them after allegedly assigning the employment agreements to Bayside (located in California). Canusa insists that because of the purported assignment, the State of New York no longer has a "reasonable relationship" to the agreement [*3]and that Jordan cannot state a cause of action against defendants.
Granting to plaintiffs all reasonable inferences arising from the facts set forth in the complaint, the court finds that Jordan has standing to maintain this action as the employer under the subject agreements. The record fails to show that Jordan legally assigned all its rights and interests under the agreements to Bayside, as claimed by Canusa.
Canusa's assertion that language in the complaint alleging that Jordan "activated" Bayside and "moved" the employees to Bayside proves a legal assignment of the employment agreements to Bayside is woefully inadequate to demonstrate a lack of standing.
CPLR 3211(a)(4) provides that a party may move for judgment dismissing a cause of action if "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires."
Generally, "in order to sustain a claim that another action is pending for purposes of CPLR 3211(a)(4), the movant must establish that the other action was commenced first" (Reckson Associates Realty Corp. v Blasland, Bouck & Lee, Inc., 230 AD2d 723, 725).
Despite the general rule, courts "enjoy broad discretion when considering an application to dismiss an action on the ground that another action is pending between the same parties dealing with a similar issue" (Caudill v McGreevy, 299 AD2d 626, 627).
The transparent forum shopping antics of Yang, Fagelson and Hahne provide no basis for ignoring the choice of law and forum selection clauses of the agreement they signed and is no basis for an unjust and inequitable dismissal or stay of this litigation (White Light Productions, Inc. v On the Scene Productions, Inc., 231 AD2d 90, 100).
Canusa's claim that the complaint otherwise fails to state a cause of action is without merit.
The motion is denied.
All papers, including this decision and order, are being returned to plaintiff's counsel for filing. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.
This constitutes both the decision and the order of the court.
IT IS SO ORDERED.
DATED: KINGSTON, NEW YORK
 APRIL 6, 2004
 THOMAS J. SPARGO, JSC
PAPERS CONSIDERED:
Notice of Motion, dated 12-22-03;
Affidavit of Glen P. Doherty and exhibits, dated 12-22-03;
Supplemental Affidavit of Glen P. Doherty and exhibits, dated 2-17-04;
Defendant Canusa's Memorandum of Law and Reply Memorandum of Law;
Plaintiffs' Memorandum of Law.
Decision Date: April 06, 2004