■ RALPH H. SILVER, Appellant-Respondent, v MOHASCO CORPORATION et al., Respondents-Appellants. — Cross appeals from an order of the Supreme Court

at Special Term (Harlem, J.), entered April 26, 1982 in Saratoga County, which partially granted defendants' motion to dismiss the complaint by dismissing the first, second, third, fifth, seventh, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth causes of action and by dismissing the fourth cause of action except as it relates to defendant Mohasco Corporation. Plaintiff Ralph Silver was employed, as a senior marketing economist, by defendant Mohasco Corporation (hereinafter Mohasco) from July 15, 1974 to August 29, 1975, and he initiated the instant lawsuit by service of a summons in November, 1977 as a consequence of his dismissal from that post. In his initial complaint, which contained 15 causes of action, he named as defendants Mohasco and several individual officials of Mohasco, and Mohasco and the individual defendants responded by filing separate motions to dismiss the complaint. Subsequently, in two separate decisions and orders, Special Term (Hughes, J.) dismissed a majority of the causes of action against all of the defendants while granting plaintiff leave to replead some of the dismissed causes of action, and upon plaintiff's appeal of the orders to this court, we affirmed Special Term's rulings without opinion (*Silver v Curren,* 75 AD2d 1030). Plaintiff next filed an amended complaint containing 14 causes of action, and defendants filed a joint motion to dismiss this complaint. At Special Term (Harlem, J.), the court granted defendants' motion to the extent of dismissing the first, second, third, fifth, seventh, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth causes of action and also the fourth cause of action except insofar as it relates to defendant Mohasco. These cross appeals ensued with plaintiff appealing from Special Term's order in its entirety and defendants appealing from that part of the order which denied them a complete dismissal of the complaint as requested in their motion. Considering plaintiff's first two causes of action, they relate to his alleged employment contract with Mohasco, and plaintiff asserts in the first action that Mohasco and certain of its officials made fraudulent representations to him regarding his position prior to his acceptance thereof and in the second action that he was promised a permanent post so that his termination constituted a breach of the contract. Since he makes no allegation that the parties to the alleged contract contemplated any definite term or specific period of time for his employment, however, his alleged contract was at most a contract terminable at will (*Chase v United Hosp.,* 60 AD2d 558). That being so, such a contract would provide no basis for either of the first two causes of action, and they were properly dismissed (see *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Myers v Coradian Corp.,* 92 AD2d 643). For his third cause of action, plaintiff alleges fraudulent conduct on the part of Mohasco and its employees in representing to plaintiff that, subsequent to his termination, they would tell prospective employers that he had resigned and had not been dismissed and then failing to perform on their alleged promises. He has not buttressed his claim with any meaningful evidentiary support indicating that defendants had a present intention to deceive him when they made the alleged misrepresentations, however, and consequently, this claim is insufficient to plead a cause of action in fraud (see *Bailey v Diamond Int. Corp.,* 47 AD2d 363). Regarding the fifth, seventh, ninth and eleventh causes of action, plaintiff alleges that defendants conspired to commit libel and slander against him. Upon pleading a conspiracy, however, he had the burden of asserting an "adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives" (*Goldstein v Siegel,* 19 AD2d 489, 493), and he has failed to set forth this necessary factual background. Instead, he has offered bare conclusory allegations lacking the requisite specificity, and, therefore, the dismissal of these actions was not error. The court likewise

correctly dismissed the tenth cause of action alleging slander because plaintiff did not properly plead the elements of this tort. Truth is an absolute defense to a defamation claim (see *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, cert den 434 US 969), and plaintiff himself established the truth of the alleged first slanderous statement forming the basis of this claim by his admission that he had tape recorded conversations which he had had with one Carla Delray. As for the second alleged slanderous statement in this cause of action to the effect that plaintiff was "the probable cause of a rumor that Carla Delray is suing [Mohasco]", these words, even if true, merely impute misconduct unconnected with plaintiff's profession. Consequently, since plaintiff failed to plead special damages resulting from the alleged statement, it cannot support an action for slander (*Nadrowski v Wazeter*, 29 AD2d 741, affd 23 NY2d 899). In his twelfth and thirteenth causes of action asserting, respectively, claims in prima facie tort and intentional infliction of emotional distress, plaintiff merely restates at great length allegations contained in the other causes of action. These are plainly insufficient to sustain the proffered causes of action because the torts in question must be based upon allegations which cannot be the basis for traditional tort actions (*Crosby v Reilly*, 20 AD2d 561). The fourteenth cause of action is a demand for specific performance of the alleged contract between Mohasco and plaintiff whereby Mohasco purportedly agreed to represent to prospective employers that plaintiff had resigned his position with Mohasco rather than that he had been fired. This claim was properly dismissed because plaintiff did not offer any evidence indicating that he had given any consideration for Mohasco's alleged promise (*Allegheny Coll. v National Chautauqua County Bank of Jamestown*, 246 NY 369). Moreover, Mohasco should not be estopped from asserting a lack of consideration as a defense. For promissory estoppel to apply herein there must have been pleaded by plaintiff an injury stemming from his reliance upon a clear and unambiguous promise by Mohasco, and plaintiff has not alleged any substantial and concrete injury caused by a failure to keep the alleged promise (see *King & Son v De Santis Constr. No. 2 Corp.*, 97 Misc 2d 1063). Lastly, we turn to Causes of Action Nos. 4, 6 and 8 and conclude that they should likewise have been dismissed. These actions sounding in libel and slander are based upon statements allegedly published by defendants before the State Division of Human Rights, and since the subject proceeding before the State Division of Human Rights was plainly quasi-judicial in nature, and the statements were pertinent to the charges of discrimination being considered therein, the statements were clearly privileged (*Lipton v Friedman*, 2 Misc 2d 165; see, also, *Perlmutter v Rivkin*, 33 AD2d 809). As such, they obviously cannot serve as an adequate basis for the three causes of action. Order modified, on the law, by granting defendants' motion dismissing the complaint in its entirety, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.