OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Examination of the second amended complaint reveals that no error was committed by the Appellate Division when it dismissed all 14 causes of action.
It was not error for the Appellate Division to classify the first cause of action as one for breach of contract, and as so classified to conclude that it is insufficient inasmuch as it alleges no more than a contract terminable at will. Even if *743 it were to be deemed to allege a cause of action in fraud, it would be insufficient for failure to allege a present intention not to perform the promises of future conduct alleged to have been made (Lanzi v Brooks, 43 NY2d 778). The second cause of action has been withdrawn. The third is again insufficient for failure to allege a present intention not to perform the alleged promises of future conduct. The fourth, sixth and eighth, sounding in defamation, are insufficient inasmuch as statements made before the State Division of Human Rights are privileged. The fifth, seventh, ninth and eleventh, asserting claims arising out of an alleged conspiracy to defame appellant for which as appellant now concedes there is no cognizable cause of action, cannot be salvaged as stating causes of action for libel and slander inasmuch as they, too, are based on privileged statements made to the State Division of Human Rights. The tenth, for slander, was properly dismissed for the reasons stated by the Appellate Division. The allegations set forth in the twelfth and thirteenth are now recognized by appellant as insufficient, and it was not an abuse of discretion on the part of the Appellate Division to deny leave to replead. The fourteenth is insufficient for failure to allege consideration which could support the promise asserted to have been made to appellant.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.