**Ralph H. SILVER, Plaintiff,**

v.

**MOHASCO CORPORATION, Defendant.**

**No. 77–CV–472.**

United States District Court,
N.D. New York.

Dec. 11, 1984.

Ralph H. Silver, plaintiff, pro se.

Bouck, Holloway, Kiernan & Casey, Albany, N.Y., for defendant; John P. Asiello, Albany, N.Y., of counsel.

### MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, Senior District Judge.

This action was commenced in this district court on November 23, 1977. Its factual background has been discussed in substantial published opinions at every federal level. *See Silver v. Mohasco Corp.*, 497 F.Supp. 1 (N.D.N.Y.1978), *rev'd*, 602 F.2d 1083 (2d Cir.1979), *rev'd*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). The

Court of Appeals, Second Circuit, ruled that the employment discrimination charge of the plaintiff was timely filed with the Equal Employment Opportunity Commission (EEOC), and that a post-employment blacklisting charge made by the plaintiff was fairly and promptly filed with the EEOC, and entitled to be heard in the district court. *Silver v. Mohasco Corp.*, 602 F.2d at 1090–1091, Circuit Judge Meskill concurring in part and dissenting in part, p. 1091, fn. 2. The United States Supreme Court limited the certiorari grant and did not review the post-employment blacklisting claim, but reversed the majority Panel holding of the Second Circuit that the charge that plaintiff was discriminated against because of his Jewish faith during his employment with defendant Mohasco was timely filed with the EEOC. A long time has transpired since the events occurred that form the basis of this Title VII suit. The plaintiff was hired by defendant Mohasco as a senior marketing economist on July 15, 1974, and discharged from that position on August 29, 1975. The New York State Division of Human Rights on February 9, 1977, found no merit in the charge that Mohasco discriminated against plaintiff because of his religion, and on August 24, 1977, the EEOC determined that the charge of discrimination was not true. *Silver v. Mohasco Corp.*, 447 U.S. at 810–811, 100 S.Ct. at 2489–90.

For a nineteen month period after the Second Circuit mandate was filed in this court, dated January 30, 1981, affirming the summary judgment dismissal by this court of the employment discrimination claim for lack of subject matter jurisdiction, there was nothing done by the plaintiff to prosecute the post-employment blacklisting claim. Then, Attorney Sheldon Engelhard of the Vladeck, Elias, Vladeck & Engelhard firm of New York City, which had represented the plaintiff by retainer in the United States Supreme Court, continued its representation and served written interrogatories upon the defendant. Attorney Engelhard appeared for the plaintiff in my Chambers in Albany on December 20,

1982, in opposition to the defendant's motion to dismiss the remaining blacklisting claim under F.R.Civ.P. 41(b) for failure to prosecute, or in the alternative for a protective order in regard to the interrogatories or an order modifying or striking certain interrogatories. My order of January 3, 1983, denied the motion to dismiss for failure to prosecute and for a protective order, and denied without prejudice the motion to strike or modify the interrogatories with direction to the attorneys to confer further about their discovery disputes.

Serious and complicated problems began to occur. The plaintiff had commenced an action after the filing of this federal action in the New York State Supreme Court against Mohasco and the same five individual employees named in this federal suit. A second amended complaint in the State action consisted of fourteen (14) causes of action stating many allegations similar to the employment discrimination and blacklisting allegations of the federal complaint. By order dated May 13, 1983, the Appellate Division, Third Department, modified the Special Term order dismissing only certain of the causes of action, and dismissed the second amended complaint in its entirety, with no leave to replead. *Silver v. Mohasco Corporation, et al.*, 94 A.D.2d 820, 462 N.Y.S.2d 917 (1983). Defendant Mohasco then filed a Notice of Motion in this district court dated June 15, 1983 and returnable July 18, 1983. The motion was supported by an affidavit of Attorney Asiello, with an appendix of eleven exhibits, and in view of the Appellate Division, Third Department dismissal, sought an order for leave to amend its answer in this federal action to include an affirmative defense of res judicata, and for an order on this ground granting summary judgment dismissing the complaint, or in the alternative, striking matter from the complaint as immaterial, pertinent or scandalous.

Before the return date of the summary judgment motion on July 18, 1983, the plaintiff dismissed the Vladeck firm for whom he had high praise over the years as his attorneys in this federal action. My letter of June 28, 1983 to the plaintiff advised that the Vladeck firm was relieved from further representation, but expressly directed the plaintiff to appear personally in Albany on July 18, 1983 to confer about the case. On July 13, 1983, the plaintiff filed pro se with the clerk in Albany a Notice of Cross-Motion, returnable July 18, 1983 in Albany and a supporting affidavit. The Cross-Motion did not address the summary judgment motion of the defendant Mohasco, but requested that the action and all the motions be transferred to Judge Miner of this court, for the appointment of new counsel, for an order staying the direction to appear in Albany on July 18, 1983, and to stay the summary judgment motion pending the outcome of his pending pro se appeal to the New York Court of Appeals. Pursuant to my direction, the clerk notified the plaintiff by letter that the Cross-Motion would be accepted and filed for hearing before Judge Foley on July 18, 1983, and then specifically stated "[A]s directed in his letter to you of June 28, 1983, you should arrange to be in Albany for the argument on the motions." On July 18, 1983, the plaintiff who had been residing for some time in Sarasota, Florida, informed the court clerk by telephone that he lacked sufficient funds to travel from Florida to Albany. All these events are detailed in the affidavit of Attorney Asiello, filed July 26, 1983, in support of the motion for failure to prosecute under F.R.Civ.P. 41(b) that had been previously denied but that I allowed to be renewed when the plaintiff did not appear in Albany as directed on July 18, 1983.

By my memorandum-decision and order dated August 9, 1983, plaintiff's Cross-Motion in effect to disqualify me from further proceedings in the action and for appointment of new counsel was denied. The decision ordered the plaintiff to submit within twenty (20) days of its receipt opposition to the motion for summary judgment and also to the motion to dismiss for failure to prosecute. The plaintiff then sought a writ of mandamus in the Court of Appeals, Second Circuit, in regard to my August 9, 1983 rulings which was denied on October 13,

1983. By memorandum-decision and order dated October 28, 1983, I granted the plaintiff twenty (20) days again to file opposition to the motions for summary judgment and to dismiss for failure to prosecute, and also granted the plaintiff continuance of the in forma pauperis status to prosecute the action. A stay of the mandamus denial was denied by the Court of Appeals, Second Circuit, on February 15, 1984 and an application for certiorari was denied by the United States Supreme Court on June 28, 1984. All these federal appellate applications and decisions have been outlined at my request in a letter to me of June 1, 1984 from Attorney Asiello, a copy being filed with the Clerk. On May 10, 1984 the New York Court of Appeals affirmed unanimously the dismissal of the entire second amended complaint by the Appellate Division, Third Department. *Silver v. Mohasco, et al.*, 62 N.Y.2d 741, 476 N.Y.S.2d 822, 465 N.E.2d 361 (1984). Finally the plaintiff filed pro se on July 23, 1984, a Reply in opposition to the defendant's motions for summary judgment and to dismiss for failure to prosecute. Defendant Mohasco filed a Reply affidavit on August 2, 1984. An enormous record has been compiled and it has been a major effort to review it and state herein with some degree of clarity the material portions relevant to consideration of the motions originally returnable in the distant past.

▪ From the above recapitulation, after careful consideration, it is my firm conviction that the interests of justice and the preservation of court responsibility for efficient control of its litigation warrants, and even compels in my judgment, the grant of the motion under F.R.Civ.P. 41(b) for failure of the plaintiff to diligently prosecute this action and for failure to comply with directions of the court. The plaintiff kept this court in turmoil for several months after his dismissal of his competent attorneys, with telephone calls, mailgrams and letters. Plaintiff requested the clerk to send him copies of all my financial disclosure statements for the past ten years. In the form filed, requesting this information, it is stated "I am writing a book about the federal and state litigation in *Silver v. Mohasco Corporation.*" He also requested from the clerk a list of my law clerks. His prosecution of the action pro se remained a long distance one, and it is clear will remain a long distance one for the foreseeable future. Express directions of the court to appear in court on July 18, 1983 were ignored, and the excuses offered for failure to appear were flimsy and unpersuasive. The twenty day periods allowed to file opposition to the pending motions were never met or any reasons offered for such failure, but were countered by an unusual Cross-Motion and resort to extreme pro se federal appellate applications. It took more than a year for the plaintiff to file a Reply to the motions, and there was never any court stay applied for or issued that permitted such delay. We pride ourselves in our courts, particularly in the federal system, that we remain patient and tolerant in the treatment of pro se litigation, but surely such noble purpose to protect the right of access to our courts does not require the court to be supine about reasonable conformance by such pro se litigants with court orders and procedures. The plaintiff, unlike many pro se litigants, is well educated. He holds a masters degree in economics from Columbia University and attended law school for two years. *See Mohasco Corp. v. Silver, supra,* 447 U.S. 810, n. 3, 100 S.Ct. 2489 n. 3; *Silver v. Mohasco, supra,* 497 F.Supp. p. 8. Consideration also has to be accorded to the interests of the defendant corporation. As pointed out by its attorneys who have been diligent and cooperative throughout this litigation, it is unfair to countenance further prosecution of this action that involves events occurring ten years ago and involving employees who have left its employment.

▪ A district court has inherent power to dismiss a cause of action for failure to prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). A pattern of intentional delay by the plaintiff is clearly evident from his conduct as is its adverse

effect upon the interests of the defendant and the administration of justice. *See Garrison v. International Paper Company*, 714 F.2d 757, 760 (8th Cir.1983); *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980). The factors to be considered in reaching determination of a failure to prosecute situation are outlined in *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir.1982). In my judgment, an appraisal of the whole record here reveals a deliberate indifference to the prosecution of the remaining blacklisting claim in the federal action for many months with much activity undertaken in the state action. The disregard of the plaintiff when proceeding pro se in this federal action to court orders and directions is a serious matter. If courts condone such attitude and conduct, respect for and confidence in their functions will be lessened. The decision to dismiss for failure to prosecute is appreciated to be usually a harsh remedy but in this situation it is justified. *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir.1972).

The motion of defendant Mohasco for summary judgment on the ground of res judicata possesses substance. However, it is my judgment that due to the strength of the record supporting the failure to prosecute motion, decision of the summary judgment motion is not necessary, but brief discussion of pertinent case law related to its issues is merited. A leading case with noticeable factual similarity to the claim in this action in that the discrimination claim of that plaintiff was asserted to be due to his national origin and Jewish faith is *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 463, 102 S.Ct. 1883, 1887, 72 L.Ed.2d 262 (1982). The suit in *Kremer* as in this action was under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. It was held that there was no showing of a legislative purpose in Title VII to deny res judicata or collateral estoppel effect to a state court judgment affirming that a claim of employment discrimination is unproved. *Id.* p. 485, 102 S.Ct. p.

1899. Further, it was held that Congress did not intend Title VII to supersede the principles of comity and repose embodied in 28 U.S.C. § 1738 providing that the United States courts afford the same full faith and credit to state court judgments that would apply in the state's own courts. *Id.* pp. 462–463, 476, 102 S.Ct. pp. 1887–88, 1894; *see also Sinicropi v. Nassau County*, 601 F.2d 60 (2d Cir.1979), *cert. den.*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979). In *Kremer*, 456 U.S. p. 464, 102 S.Ct. p. 1888, plaintiff *Kremer* filed a petition with the Appellate Division of the New York Supreme Court to set aside the adverse administrative determination. Review in the New York Court of Appeals was available but was not sought.

In this action, such direct review of the adverse administrative determination was not sought by the plaintiff in the New York Courts. The amended state court complaint of fourteen causes of action based upon varied legal theories of fraudulent representation regarding an employment reference agreement, libel and slander, and so forth, contains similar allegations to the ones in this federal complaint under Title VII in this action. Allegations are similar in the state and federal complaint that Mohasco's intent was to prevent plaintiff Silver from finding new employment with the same claim that representatives of Mohasco advised individuals seeking references that plaintiff Silver was Jewish. All the similarities of the Silver state and federal complaints are detailed and compared in the affidavit of Attorney Asiello dated June 15, 1983, in support of the summary judgment motion returnable July 18, 1983.

The question was left open in *Kremer*, p. 479, n. 20, 102 S.Ct. p. 1896, n. 20, as to whether jurisdiction to entertain Title VII claims is limited to federal courts. The Court of Appeals, Ninth Circuit, noting the conflicting decisions in the district courts on the question, recently ruled that federal courts possess exclusive jurisdiction over Title VII actions. *Valenzuela v. Kraft, Inc.*, 739 F.2d 434 (9th Cir.1984).

In *Migra v. Warren City School District Bd. of Education,* — U.S. ——, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984), the Supreme Court followed the principle restated in *Kremer, supra,* that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. The Court of Appeals, Second Circuit, noted that New York has adopted the transactional identity approach to res judicata under which a claim that could have been asserted under a given set of facts in a concluded action is barred from being asserted under the same set of facts in a subsequent action. *Heimbach v. Chu,* 744 F.2d 11, 14 (2d Cir.1984), *citing, Reilly v. Reid,* 45 N.Y.2d 24, 27–31, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978). The crucial element in the applicable test for res judicata is the factual predicate of the claims asserted, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies. *Expert Electric, Inc. v. Levine,* 554 F.2d 1227, at 1234 (2d Cir.1977); *Ellentuck v. Klein,* 570 F.2d 414, 428, n. 22 (2d Cir.1978); *Stratford Place Corp. v. Capalino,* 574 F.Supp. 52, 53 (S.D.N.Y.1983).

In my judgment, this review of case law sufficiently portrays the presence of substance in the res judicata issue. However, as previously stated, the motion of the plaintiff under F.R.Civ.P. 41(b) to dismiss the remaining post-employment blacklisting claim for failure of the plaintiff to prosecute and to comply with orders of this court is hereby granted for the reasons stated herein. The complaint is now dismissed in its entirety.

It is so Ordered.