■ ALICE CALLAHAN, Respondent, v ANDREW GUTOWSKI, Appellant, et al., Defendant. — Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Cobb, J.), entered September 6, 1984 in Albany County, which granted plaintiff's cross motion to dismiss the counterclaim contained in the amended answer of defendant Andrew Gutowski.

On December 21, 1982, defendants executed a $40,000 mortgage in favor of plaintiff on property located at 97 Philip Street in the City of Albany as security on a construction loan in that amount. The loan was to be repaid in one year. Plaintiff had loaned this sum to her son, defendant John Callahan, and to defendant Andrew Gutowski so that they could renovate the premises, obtain a mortgage loan from another source and then repay plaintiff. In furtherance of this plan, defendant Gutowski deeded one half of his interest in the property to defendant Callahan on the date this mortgage was executed.

On January 20, 1983, defendants executed a second mortgage on the premises in favor of plaintiff to secure an additional construction loan from her in the amount of $30,000. As in the first mortgage, the terms stated that the full amount was to be repaid by December 21, 1983.

When nothing had been paid on either loan by March 24, 1984, plaintiff began the instant foreclosure action. Defendant Callahan has not filed an answer. However, defendant Gutowski did file an answer containing general denials. He subsequently moved for leave to serve an amended answer containing a counterclaim sounding in conspiracy to defraud. Special Term granted defendant's motion, but also granted plaintiff's cross motion to dismiss the counterclaim set forth therein for failure to state a cause of action. This appeal by defendant Gutowski ensued.

Defendant Gutowski's counterclaim alleges that plaintiff conspired with her son, defendant Callahan, to deprive defendant Gutowski of his property by agreeing that defendant Callahan would stop working on the renovation of the property and refuse to apply to the project the funds received from plaintiff, thereby preventing completion of the construction. The alleged anticipated result was that defendant Gutowski would be precluded from obtaining a mortgage loan from an outside source on the property and that this would bring about his inability to repay plaintiff, causing her to gain title to the property via a foreclosure action.

These allegations do not sufficiently state a cause of action sounding in conspiracy to defraud, even when viewed in a light most favorable to defendant Gutowski (*Cohn v Lionel Corp.*, 21 NY2d 559, 562). A claim of conspiracy to commit fraud, standing alone, is not actionable (20 NY Jur 2d, Conspiracy, § 13, at 18 [1982]). There must also be a claim that a fraudulent act has been planned and perpetrated (*Dalury v Rezinas,* 183 App Div 456, 459, *affd* 229 NY 513). A lawful act done in a lawful way, no matter how damaging the result, cannot be the basis for a claim of fraudulent conspiracy, even if it was performed maliciously (*supra*). In defendant Gutowski's counterclaim, he only factually alleges that plaintiff knew and consented to her son's actions. He does not claim that she planned or performed an illegal act. It is, indeed, uncontested that the only actions taken by plaintiff were to make the mortgage loans and, when they went unpaid, to foreclose on them. These actions were obviously within plaintiff's legal rights. At the very most, defendant Gutowski claims that plaintiff and her son conspired that the son would breach his obligations to defendant Gutowski under their joint venture agreement. The son, however, could not be held liable for conspiracy to breach the contract to which he was a party (*Bereswill v Yablon,* 6 NY2d 301, 306), and this obviously is fatal to any similar claim against the son's alleged coconspirator (20 NY Jur 2d, Conspiracy, § 16, at 23 [1982]). Accordingly, Special Term

was correct in its determination that defendant Gutowski failed to state a cause of action and in dismissing the counterclaim.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.