Bill **PAPPAS**, Plaintiff,

v.

**AIR FRANCE**, Defendant.

No. 85 CV 2551.

United States District Court,
E.D. New York.

Dec. 6, 1986.

Louis R. Rosenthal (Louis R. Rosenthal and George H. Vallaria, Jr.), Brooklyn, N.Y., for plaintiff.

Murray Gartner (Proskauer, Rose, Goetz & Mendelsohn), New York City, for defendant.

McLAUGHLIN, District Judge.

In this action based on diversity of citizenship, 28 U.S.C. § 1332(a), defendant moves for summary judgment. Fed.R. Civ.P. 56(b).[1] For the reasons discussed below, the motion is granted in part and denied in part.

### Facts

Pursuant to an oral contract, plaintiff was hired by defendant Air France on August 29, 1966. Upon employment, Air France gave Mr. Pappas a booklet that contained the company's rules and regulations. An updated version of that booklet, entitled "You and Air France," contains "a set of Company rules" designed to ensure that all Air France employees "will know 'the rules of the game'" and that "no one will act or be dealt with in an arbitrary manner." Affidavit in Support of Motion, Exhibit 3 ("You and Air France"), at 14. The booklet lists several acts sufficient for immediate dismissal, including "[s]tealing anything belonging to the Company." Id. Another section of the booklet establishes an "Employee Grievance Procedure" and prescribes steps that an employee may take to air his complaints to Air France's management. See id. at 16–17.

On November 27, 1984, at the Air France terminal at John F. Kennedy International Airport, plaintiff placed a box containing an unopened champagne bottle on the top of a trash receptacle located in the men's locker room. Mr. Tardy, Air France's Passenger Service Manager, observed the box and bottle, and subsequently asked plaintiff to report to his office. During the following discussion in Mr. Tardy's office, the only persons present were plaintiff, Mr. Tardy, Mr. Kelly, Air France's Security Officer, and Mr. Demers, Air France's Passenger Supervisor, who left the meeting after a short time.

According to the plaintiff, Mr. Tardy said, "Bill, I saw you throwing away this carton and this bottle of champagne." During his deposition, Mr. Tardy stated that he asked plaintiff why he had taken a circuitous route to the men's locker room. At plaintiff's insistence, he, Mr. Tardy, and Mr. Kelly left Mr. Tardy's office and went down the corridor to the men's locker room. Plaintiff then reenacted his placing of the box on top of the receptacle.

Plaintiff asserts that while the parties were standing in the corridor, within earshot of other Air France employees, Mr. Tardy said, "Yes, I saw you throwing this bottle of champagne over here and you have no business. What are you, trying to steal it or something?" or "I saw you throwing this box away and it contained a bottle of champagne. Why did you throw the box away over here?" Plaintiff asserts that friends and co-workers were in the corridor at the time and heard Mr. Tardy's questions. Plaintiff also asserts that sometime during the day, in Mr. Kelly's presence, Mr. Tardy told plaintiff, "You tried to steal a bottle of champagne."

Mr. Tardy then discharged the plaintiff from employment. Later that day, plaintiff told Mr. Tardy that he wanted to discuss the matter with someone in the personnel department. Mr. Tardy suggested that plaintiff speak with Mr. Carrara, the Personnel Services Manager. On November 28, plaintiff had a discussion with Mr. Carrara. Mr. Carrara gave plaintiff a chance to resign rather than be discharged, an option that plaintiff declined to exercise.

Plaintiff subsequently applied for unemployment benefits. On January 3, 1985, in response to a request from the New York State Department of Labor, defendant submitted written statements concerning the circumstances leading to plaintiff's termination.[2]

---

1. Defendant also moves to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). The Court treats this motion as one for summary judgment. See Fed.R.Civ.P. 12(b).

2. In his complaint, plaintiff asserts that defendant wrote a letter to the New York Department of Labor, stating that plaintiff had been discharged for "attempting to misappropriate a bottle of champagne." Complaint ¶ 15. Plaintiff has not produced such a letter and does not

At a hearing conducted before a Department of Labor administrative law judge on April 8, 1986, defendant's Wage and Salary Manager, Mr. Weisser, stated his opinion that plaintiff had deposited the box in the locker room intending to go back later and retrieve the bottle of champagne.[3]

Plaintiff now sues for wrongful discharge, arguing that the at-will nature of his oral employment contract was restricted by the express conditions for immediate dismissal as set forth in the booklet "You and Air France." Plaintiff asserts that he did not steal the champagne bottle, and that Air France therefore breached his employment contract by dismissing him immediately. In addition, plaintiff asserts that the grievance procedure established in the employee booklet created an implied contractual obligation on the part of Air France to provide plaintiff a pre-termination hearing. Plaintiff argues that Air France breached this obligation because it failed to provide him such a hearing.

Plaintiff also sues for defamation, asserting that each of Mr. Tardy's statements constituted slander *per se*, and that the letter dated January 3, 1985 and the testimony of April 8, 1985 were also defamatory.

### Discussion

A court must grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a summary judgment motion, "the inferences to be drawn from the underlying facts contained in [papers submitted to the court] must be viewed in the light most favorable to the party opposing the mo-

tion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam).

The Court thus adopts the following as facts for purposes of this motion: (1) plaintiff relied throughout his employment term on the grounds for dismissal and grievance procedures as specified in the booklet "You and Air France;" (2) plaintiff did not attempt to steal the champagne bottle; (3) in the absence of such a theft, the booklet lists no grounds for immediate dismissal; and (4) defendant failed to provide plaintiff with a hearing to air his grievances.

### A. *Wrongful Discharge*

 The question is whether these facts constitute a claim for wrongful discharge. Plaintiff's contract of employment with defendant was oral and was for an indefinite term. Under such circumstances, New York presumes the hiring to be "a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 300, 448 N.E.2d 86, 89, 461 N.Y.S.2d 232, 235 (1983). The employer's unfettered right to terminate is impaired, however, if there is "an express limitation in the individual contract of employment." *Id.* at 305, 448 N.E.2d at 91, 461 N.Y.S.2d at 237.

A complaint stating a limitation upon the right to terminate was held by the New York Court of Appeals to constitute a cause of action. *See Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 443 N.E.2d 441, 457 N.Y.S.2d 193 (1982). In *Weiner*, plaintiff had entered into an employment contract of indefinite term. He was subsequently dismissed and thereafter brought a wrongful discharge action, which defendant moved to dismiss. The Court of Appeals held that plaintiff had spelled out a

---

refer to it in his brief. Accordingly, its contents will not be addressed in this decision.

**3.** Mr. Weisser stated:
"So, instead, he came all the way around and then dropped it off with the intent, we believe, to simply drop off his cart, come back and put

[the champagne bottle] in his locker. That's the intent, we believe. Those are the facts in the case."
Affidavit in Support of Motion, Exhibit 8 ("Transcript of Unemployment Hearing"), at 7.

cause of action. Specifically, plaintiff stated that the defendant's assurance that it would not dismiss him without cause induced him to leave his former job, and that this assurance was incorporated into his employment application. Plaintiff also introduced evidence that he had relied on the no-termination assurance in rejecting other employment offers. Finally, plaintiff alleged that the defendant had previously complied strictly with the policies set forth in its handbook and policy manuals, indicating the defendant's belief that to do otherwise would subject it to legal action. *See id.* at 460–66, 443 N.E.2d at 442–45, 457 N.Y.S.2d at 194–97.

■ Applying *Weiner* to this case, I conclude that plaintiff has failed to present evidence sufficient to support an express limitation on the defendant's right to terminate plaintiff's employment. First, plaintiff does not assert that he was induced to work for defendant upon the latter's representation that its right to terminate plaintiff would be limited. Second, plaintiff and defendant at no time memorialized any such agreement. Given this, plaintiff's bald assertion that he relied on the policies, rules, and procedures specified in "You and Air France" fails, under New York law, to establish any impairment of the defendant's unfettered right to terminate his employment. *See Murphy, supra,* 58 N.Y.2d at 305, 448 N.E.2d at 91, 461 N.Y.S.2d at 237–38; *see also Koster v. Chase Manhattan Bank, N.A.,* 609 F.Supp. 1191, 1198 (S.D.N.Y.1985); *Toshiba America, Inc. v. Simmons,* 104 A.D.2d 649, 649–50, 480 N.Y.S.2d 28, 28–29 (2d Dep't 1984) (per curiam).

## B. *Defamation*

■ New York law "is clear that when a defendant-employer writes to the Department of Labor concerning a former employee's right to unemployment benefits, that writing is privileged and cannot be the basis for a libel action by the claimant-employee." *Clegg v. Bon Temps, Ltd.,* 114 Misc.2d 805, 809, 452 N.Y.S.2d 825, 828 (Civ.Ct.N.Y.County 1982); *see also Graham v. Seaway Radio, Inc.,* 28 Misc.2d 706, 707, 216 N.Y.S.2d 52, 53–54 (Sup.Ct. Jefferson County 1961). New York law likewise holds privileged statements made in the course of a quasi-judicial proceeding. *See Silver v. Mohasco Corp.,* 94 A.D.2d 820, 822, 462 N.Y.S.2d 917, 920 (3d Dep't 1983), *aff'd per curiam,* 62 N.Y.2d 741, 465 N.E.2d 361, 476 N.Y.S.2d 822 (1984). Thus, neither defendant's letter dated January 5, 1985 to the New York State Department of Labor nor Mr. Weisser's testimony of April 8, 1985 can form the basis of a defamation action.

■ Mr. Tardy's statements are a different matter. Under New York law, a defamatory statement constitutes slander *per se* if it imputes an indictable crime to the plaintiff. In such a case, the plaintiff need not plead special damages. *See Caffee v. Arnold,* 104 A.D.2d 352, 353, 478 N.Y.S.2d 683, 685 (2d Dep't 1984). Here, plaintiff contends that out in the corridor, in the presence of Air France employees, Mr. Tardy accused him of stealing a champagne bottle. Defendant denies this. This is obviously an issue of fact. Accordingly, summary judgment as to any defamatory statements made in the corridor must be denied.

■ Defendant does not dispute plaintiff's assertion that Mr. Tardy made defamatory statements about plaintiff in Mr. Tardy's office in the presence of Messrs. Kelly and Demers. As to these statements, however, defendant claims a qualified privilege because they were communications on a matter of common business concern. *See, e.g., Stillman v. Ford,* 22 N.Y.2d 48, 53, 238 N.E.2d 304, 306, 290 N.Y.S.2d 893, 897 (1968). In such a case, the privilege is overcome by a showing that the statements were made with " 'actual malice.' " *Id.,* 238 N.E.2d at 306, 290 N.Y.S.2d at 897 (quoting *Shapiro v. Health Insurance Plan,* 7 N.Y.2d 56, 60, 163 N.E.2d 333, 335, 194 N.Y.S.2d 509, 512 (1959)).

The common business concern privilege applies here because it was in the common interest of Mr. Tardy, Mr. Kelley, and Mr.

Demers to determine whether the plaintiff had stolen the champagne. The question, therefore, is whether plaintiff has presented evidence on which a jury could reasonably find that Mr. Tardy acted with actual malice. *See Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Plaintiff asserts. that when Mr. Tardy falsely accused him of stealing the champagne he had no basis on which to make such a statement because he had not thoroughly investigated the matter. This, says plaintiff, is malice.

■ Mr. Tardy's accusation was supported by much evidence: he had seen seen plaintiff enter the locker room with the box shortly before he discovered the box and bottle on top of the trash receptacle; and Tardy knew that plaintiff had taken a circuitous route to reach the locker room. Plaintiff simply has not begun to produce evidence that would rise to the level of malice on the part of Mr. Tardy. Summary judgment is therefore granted as to the claims based on statements made by Mr. Tardy in his office in the presence of plaintiff and Mr. Kelley.

### Conclusion

Defendant's motion for summary judgment is granted on the first and third counts of plaintiff's complaint. Summary judgment is granted on the second count as to those statements made by Mr. Tardy in the presence of plaintiff and Mr. Kelly only, and is denied as to all other statements made by Mr. Tardy.

SO ORDERED