◼ NED REO et al., Appellants, v DONALD J. SHUDT et al., Respondents.—Mercure, J. Appeal from an order of the Su-

preme Court (Brown, J.), entered August 18, 1987 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Ned Reo and defendant Donald J. Shudt are the officers, directors and equal shareholders of plaintiff Moldit Company, Inc. Moldit has manufactured and sold silicone products since 1969. In March 1986, Reo filed a petition with Supreme Court seeking dissolution of Moldit pursuant to Business Corporation Law § 1104 because of "animosity" between Reo and Shudt. At the same time, Reo brought an action against Shudt and Moldit, alleging that Shudt misappropriated and converted corporate assets including a life insurance policy. Supreme Court initially appointed a receiver and enjoined Shudt from disposing of any corporate assets, but then in May 1986 discharged the receiver and modified the injunction so that Shudt could conduct Moldit's ordinary business affairs. The parties met with Supreme Court in August 1986 and Shudt agreed to withdraw his objections to the dissolution petition in exchange for Reo's agreement that he would not object to Shudt's formation of a company competitive with Moldit.

Shudt's wife, defendant Sheila Shudt, incorporated defendant Moldon, Inc., in November 1986 and is its sole shareholder. Defendants Richard C. Miller, Jr., and Richard J. Herrmann are attorneys representing the Shudts. Reo commenced this action in February 1987 naming Moldit as a plaintiff and Shudt, Sheila Shudt, Miller, Herrmann, Moldon and Jabar Wholesale Distributing Company, Inc., a distributor of raw materials, as defendants. The gravamen of the complaint is a conspiracy between defendants to convert cash, an insurance policy, customer lists and other assets of Moldit. Defendants moved to dismiss the complaint upon the grounds of pendency of another action between the parties and failure to state a cause of action (see, CPLR 3211 [a] [4], [7]). Supreme Court treated the motion as one for summary judgment and then granted defendants' motion. This appeal ensued.

We affirm. Initially, we hold that Supreme Court properly treated the motion by defendants as one for summary judgment (see, CPLR 3211 [c]; Key Bank v Lake Placid Co., 103 AD2d 19, appeal dismissed 64 NY2d 644). Addressing the merits of the motion to dismiss, we observe that the complaint consists of general allegations regarding a conspiracy by defendants to convert property of Moldit. Conspiracy is an agreement to commit an unlawful act, or an agreement to commit a lawful act by unlawful means (Interstate Cigar Co. v

*I. B. I. Sec. Serv.,* 105 Misc 2d 179, 184; *see, Silver v Mohasco Corp.,* 94 AD2d 820, 821, *affd* 62 NY2d 741), the cause of action resting on an underlying wrong, here conversion *(see, Callahan v Gutowski,* 111 AD2d 464, 465). A conspiracy allegation merely "connect[s] nonactors, who might otherwise escape liability, with the acts of their coconspirators" *(Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, 72, *affd* 59 NY 2d 314).

Therefore, to survive defendants' motion to dismiss, plaintiffs had to specifically allege, first, that at least one defendant committed the wrongful act of converting Moldit's assets and, second, that the remaining defendants agreed to the conversion *(see, Callahan v Gutowski, supra).* We conclude that the complaint does not meet the second requirement. Assuming that plaintiffs' conversion allegations are adequate, there has been no showing that defendants "planned and perpetrated" the acts in concert *(Callahan v Gutowski, supra).* The conclusory statements in the complaint are insufficient to state a conspiracy claim *(see, Wohlrab v City of Newburgh,* 105 AD2d 838, 839). Nor do the accompanying affidavits, even read in the light most favorable to plaintiffs *(see, Cohn v Lionel Corp.,* 21 NY2d 559, 562), establish any agreement among defendants to convert Moldit's assets. Plaintiffs contend that facts showing an agreement are solely in defendants' control. We reject this contention because plaintiffs have already conducted an examination before trial of Shudt *(cf., Terranova v Emil,* 20 NY2d 493, 497).

Plaintiffs argue that there are issues of fact regarding Shudt's alleged conversion of the life insurance policy and of Moldit's assets which precluded summary judgment. We disagree. CPLR 3211 (a) (4) empowers Supreme Court to dismiss a cause of action when "there is another action pending between the same parties for the same cause of action". Inasmuch as complete identity of the parties and causes of action is not necessary *(see, Barringer v Zgoda,* 91 AD2d 811; *cf., Blank v Miller,* 122 AD2d 356) and these issues are before Supreme Court in two other actions, Supreme Court correctly decided to let Shudt's "alleged impropriety" be resolved in the other pending actions *(see, Hinman, Straub, Pigors & Manning v Broder,* 89 AD2d 278, 280).

Order affirmed, with costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.