■ Jerold Schwartz, Respondent, v Society of the New York Hospital et al., Appellants. [605 NYS2d 72] —Order, Supreme Court, New York County (Walter Schackman, J.), entered September 18, 1992, which, inter alia, granted plaintiff's cross-motion for leave to amend the third, fourth and fifth causes of action of the second amended complaint, unanimously reversed, on the law, insofar as appealed from, and the cross-motion denied, without costs.

Plaintiff, an anesthesiologist in private practice who maintained clinical privileges with defendant Society of the New York Hospital ("the Hospital"), brought this action against the Hospital as well as against defendants Whalen, Savarese and Skinner, who are, respectively, the president of the Hospital's medical board, the Hospital's anesthesiologist in charge, and the president of the Hospital, alleging, inter alia, that the individual defendants had participated in a conspiracy to defame him and had tortiously interfered with his precontractual relations with the Hospital and with Cornell University Medical College. At issue here is the legal sufficiency of the third amended complaint insofar as it alleges that defendants Skinner and Whalen are liable under two causes of action for defamation, which had previously been alleged solely against defendant Savarese, and insofar as a cause of action for

tortious interference is alleged against the individual defendants. Contrary to the IAS Court, we find that the factual allegations are insufficient. Thus, since the third amended complaint differed from the second amended complaint only insofar as it related to these causes of action, the motion for leave to file the third amended complaint should have been denied.

The two causes of action for defamation arise from remarks reflecting on plaintiff's competence which were allegedly made by defendant Savarese to a physician unconnected to the Hospital and to members of the Hospital's department of anesthesia. The only allegation linking defendants Whalen and Skinner to the remarks is that defendant Savarese was acting on their behalf or "in concert" with them when he made the remarks.

Although tort liability may be imposed based on allegations of conspiracy which "connect nonactors, who might otherwise escape liability, with the [tortious] acts of their coconspirators" *(Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, 72, *affd* 59 NY2d 314; *see also, Noble v Creative Tech. Servs.,* 126 AD2d 611, 613), more than a conclusory allegation of conspiracy or common purpose is required to state a cause of action against such nonactor *(Goldstein v Siegel,* 19 AD2d 489, 493; *see also, Reo v Shudt,* 144 AD2d 793, 795; *Silver v Mohasco Corp.,* 94 AD2d 820, 821, *affd* 62 NY2d 741). In this case, the bare allegation that these two defendants were acting in concert with defendant Savarese without any allegation of independant culpable behavior on their part was clearly insufficient to link them to the allegedly defamatory remarks. Nor is the unsupported statement that he was acting on their behalf sufficient to allege an agency relationship encompassing the authority to make the remarks.

The cause of action for tortious interference with precontractual relations is based on plaintiff's claim that defendants interfered with his negotiations with Cornell University Medical College for a position as an assistant professor of anesthesiology as well as his negotiations with the Hospital itself for an appointment to the medical staff. These alleged wrongful and malicious acts took place in the context of proceedings pursuant to which plaintiff's clinical privileges were revoked. As the Hospital serves as Cornell's teaching hospital, a prerequisite to holding a teaching position with Cornell is membership on the Hospital's medical staff and clinical privileges.

It is well established that, "[a]t common law, absent a

contractual obligation to the contrary, a physician's continued professional association with a private hospital was within the unfettered discretion of the hospital's administrators. Denial of staff privileges, for whatever reason or for no reason at all, constituted no legal wrong" *(Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736, 737). This rule of law has been ameliorated, to some extent, by provisions of the Public Health Law, which provide a physician who believes his privileges have been wrongfully revoked with an administrative grievance procedure as well as an action for an injunction (Public Health Law §§ 2801-b, 2801-c). In this case, although the contractual employments for which plaintiff was negotiating required that plaintiff maintain his privileges at the Hospital, when those privileges were revoked he did not seek administrative redress pursuant to the Public Health Law. As plaintiff failed to avail himself of this opportunity, the revocation of his privileges must be deemed to have been "within the unfettered discretion of the hospital's administrators" and is legally unassailable. Since maintenance of those privileges was a *sine qua non* of the successful completion of his contractual negotiations, plaintiff cannot now argue that but for defendants' allegedly tortious conduct his negotiations would have culminated in a contract, as is required to state a cause of action for tortious interference with precontractual relations *(see, Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915). Under these circumstances, the motion for leave to amend should have been denied. We note that the within appeal, as limited by defendants' notice of appeal, is solely from that portion of the order which granted leave to amend. Concur— Carro, J. P., Rosenberger, Ellerin and Kassal, JJ.