■ ROBERT M. SLADE, Appellant, v METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents. [679 NYS2d 390] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered April 2, 1998, which, insofar as appealed from, granted defendants' motion to dismiss plaintiff's second cause of action for defamation for failure to state a cause of action, unanimously affirmed, without costs.

The allegedly defamatory statement—that plaintiff's employment with defendant insurance company was terminated not

because of his sales practices but for insubordination in not attending a meeting called by his superior—is a protected expression of opinion based on a disclosed fact (*see, Angel v Levittown Free School Dist. No. 5*, 171 AD2d 770, 773). Even if the statement were considered factual in nature, it would still not be actionable, first, because it is not defamatory per se and therefore requires allegations of special damages, absent here (*see, supra,* at 773, citing *Aronson v Wiersma*, 65 NY2d 592), and, second, because plaintiff's pleadings admit that it is true that he did not attend a "mandatory" meeting called by his superior (*see, Silver v Mohasco Corp.*, 94 AD2d 820, 822, *affd* 62 NY2d 741). To the extent plaintiff argues that the real reason he was terminated was not because he failed to attend the meeting but because he was being used as a scapegoat to placate insurance regulators who were accusing defendant and its sales agents of deceptive sales practices, plaintiff's cause of action, if any, would not be for defamation. Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.