25-638-cv
*Ng v. Sedgwick Claims Management Services, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of December, two thousand twenty-five.

PRESENT:
>	STEVEN J. MENASHI,
>	BETH ROBINSON,
>	MYRNA PÉREZ,
>		*Circuit Judges.*

_____

Brian Coke Ng,

>	*Plaintiff-Appellant,*

>	v.					25-638

Sedgwick Claims Management Services,
Inc., Sandra Brach,

>	*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: Brian Coke Ng, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES: Aaron C. Gross, Sobel Pevzner, LLC, Huntington, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brian Coke Ng, proceeding pro se, appeals from the judgment of the district court dismissing his complaint against Sedgwick Claims Management Services, Inc. ("Sedgwick") and Sandra Brach, a Sedgwick employee. Ng alleged that Kmart Pharmacy had improperly filled a prescription and thereby caused him injuries. He sought to assert claims for promissory estoppel and equitable estoppel against Sedgwick—the third-party claims administrator for Kmart Pharmacy—and Brach, a claims handler at Sedgwick. The defendants moved under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. The district court granted the defendants' motion, concluding that Ng failed to state a claim for promissory estoppel or equitable estoppel. *See Ng v. Sedgwick Claims Mgmt. Servs, Inc.*, No. 23-CV-2145, 2025 WL 579960 (S.D.N.Y. Feb. 21, 2025). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (alteration omitted) (quoting *Patel v. Contemp. Classics*, 259 F.3d 123, 126 (2d Cir. 2001)). "Thus, we will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [the plaintiff's] favor." *L–7 Designs, Inc. v. Old Navy, LLC*, 647

2

F.3d 419, 429 (2d Cir. 2011) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).

We agree with the district court that Ng's complaint failed to state a claim. First, the district court correctly concluded that Ng failed to state a claim of promissory estoppel. "A cause of action for promissory estoppel under New York law requires the plaintiff to prove three elements: 1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000); *see also NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 202 (2d Cir. 2019). Even assuming that Brach made a clear and unambiguous promise to review his documents and that Ng relied on that promise, Ng did not allege that she failed to complete the review. *See Silver v. Mohasco Corp.*, 462 N.Y.S.2d 917, 920 (3d Dep't 1983) (affirming the dismissal of a promissory estoppel claim because the "plaintiff has not alleged any substantial and concrete injury caused by a failure to keep the alleged promise"). Although Ng was dissatisfied with the outcome of Brach's review, his allegations failed to suggest that Brach had promised a particular result.

Second, Ng failed to establish an entitlement to equitable estoppel. Under New York law, "equitable estoppel is not a cause of action for affirmative relief, but rather is a defense to preclude the defendants' claim." *Parr v. Ronkonkoma Realty Venture I*, 885 N.Y.S.2d 522, 524 (2d Dep't 2009). In this case, "the defendants have not acted to assert any rights against [Ng]." *Capstone Asset Mgmt. Co. v. Dearborn Cap. Grp. LLC*, No. 21-CV-997, 2021 WL 4250087, at *8 (S.D.N.Y. Sept. 17, 2021). Nor have the defendants raised a defense to which equitable estoppel may apply. *See, e.g.*, *Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 197-98 (N.Y. 2007) (considering whether equitable estoppel precludes a statute of limitations defense). As a result, Ng's "claim of equitable estoppel must be dismissed." *Capstone Asset Mgmt.*, 2021 WL 4250087, at *8.

On appeal, Ng challenges the district court's alleged reliance on matters outside the pleadings, its denial of leave to amend, and its failure to remedy a "cyberattack." His arguments are unavailing. The district court relied solely on the allegations in Ng's complaint, leave to amend was futile, and Ng has not shown that the "cyberattack" prevented him from litigating his action.

3

We have considered Ng's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court